STATE v. JOE FOWLER.

(Filed 23 December, 1909.)

1. Murder—Manslaughter—Deadly Weapon—Unlawful Killing— Malice—Presumption.

When the killing with a deadly weapon is established or admitted, and the plea is self-defense, two presumptions arise: (1) that the killing was unlawful; and (2) that it was done with malice.

2. Murder—Manslaughter—Unlawful Killing—Malice.

An unlawful killing is manslaughter, and when it is done with malice, it is at least murder in the second degree.

3. Same—Self-Defense—Presumption—Burden of Proof.

When the killing with a deadly weapon is established or admitted, and the defendant's plea is self-defense, it is for him to rebut the presumption that it was unlawful or done with malice, and upon his rebutting only the presumption of malice, the presumption that it was unlawfully done yet stands, making him guilty of manslaughter.

STATE *v.* FOWLER.

**4. Same—Instructions—Without Prejudice—Harmless Error.**

When the killing with a deadly weapon is shown, and the plea is self-defense, it is not error to defendant's prejudice for the court to refuse to charge that there was no evidence to warrant a verdict of manslaughter, the jury having rejected defendant's evidence of self-defense and found him guilty of manslaughter, as otherwise it would have been their duty to convict of murder in the second degree.

**5. Murder—Manslaughter—Instructions—Construed as a Whole—Harmless Error.**

A charge to the jury is not solely to be interpreted by picking out therefrom certain expressions; and when, upon a trial for the unlawful killing of another, it is upon the defendant, under the plea of self-defense, to rebut the presumption that the killing was unlawful and with malice, and the charge is correct when construed as a whole, the expression, that if the jury were "left in doubt" as to whether defendant slew in self-defense they should return a verdict of manslaughter, is not of itself reversible error.

WALKER, J., concurs in result.

APPEAL from *Justice, J.,* October Term, 1909, of POLK.

Indictment for murder in second degree. The defendant was convicted of manslaughter, and from the judgment pronounced, appealed.

*Attorney-General* and *George L. Jones* for the State.
*Shipman & Williams* for defendant.

BROWN, J. This appeal presents two assignments of error.

1. Did the judge err in submitting to the jury the question of manslaughter? Under *State v. Quick,* 150 N. C., 820, such an error is without prejudice to the defendant, and he cannot complain. When, as in this case, the plea is self-defense and the killing with a deadly weapon is established or admitted, two presumptions arise—(1) that the killing was unlawful; (2) that it was done with malice.

An unlawful killing is manslaughter, and when there is the added element of malice it is murder in the second degree. When the defendant takes up the laboring oar he must rebut both presumptions—the presumption that the killing was unlawful and the presumption that it was done with malice. If he stops when he has rebutted the presumption of malice, the presumption that the killing was unlawful still stands, and, unless rebutted, the defendant is guilty of manslaughter. This is a fair deduction from the cases in this State. *State v. Hagan,* 131 N. C., 802; *State v. Brittain,* 89 N. C., 501, 502.

At the request of defendant, the judge charged the jury very explicitly that if they should find from the evidence offered by

the defendant that the killing occurred under circumstances claimed by him and testified to by his witnesses, they should return a verdict of not guilty.

The jury discarded defendant's plea, and if, as now argued by him, there was nothing in the evidence to warrant a verdict of manslaughter, it was the duty of the jury to convict of murder in second degree.

It necessarily follows that, under such circumstances, the defendant cannot complain of a verdict for manslaughter, a lesser degree of homicide. An error on the side of mercy is not reversible. But we think there is in this case, as in *State v. Quick,* evidence upon which a verdict of manslaughter may be supported.

2. His Honor stated to the jury in one part of his charge that if they were "left in doubt" as to whether the defendant slew in self-defense, they should return a verdict of manslaughter.

This was erroneous, and if the objectionable words stood alone, as in *State v. Clark,* 134 N. C., 698, we would award a new trial.

In the case at bar, taking the charge as a whole, it is a very clear and luminous exposition of the law of homicide.

A charge is not to be interpreted by picking out an expression here and there. "It is to be considered as a whole, in the same connection in which it was given and upon the presumption that the jury did not overlook any portion of it. If, when so construed, it presents the law fairly and correctly to the jury, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous.". 2 Thompson on Trials, sec. 2407; *State v. Exum,* 138 N. C., 602; *Everett v. Spencer,* 122 N. C., 1010; *Westbrook v. Wilson,* 135 N. C., 402.

His Honor gave this prayer in the words in which it was expressed: "That the prisoner is not required to rebut the presumption of malice arising from the killing with a deadly weapon beyond a reasonable doubt, but to the satisfaction of the jury." The instruction that the plea of self-defense must be sustained only to the satisfaction of the jury was repeated so often and made so plain in the charge that we cannot think that the jurors were misled.

No error.

WALKER, J., concurs in result.