STATE v. ARTHUR ROBERTSON.

(Filed 15 June, 1936.)

1. **Criminal Law J a—**

Insufficiency of the evidence to support the verdict may not be taken advantage of by motion in arrest of judgment, since want of evidence to support the verdict is not an error or defect in the record.

2. **Criminal Law I l—**

Where there is plenary evidence of defendant's guilt of the crime charged, a judgment upon a verdict of guilty of a lesser degree of the crime will not be held for error for want of evidence of guilt of such degree of the crime, the judgment in such case being favorable to defendant.

APPEAL by defendant from *Clement, J.,* at January Term, 1936, of ROCKINGHAM. No error.

The defendant was tried on an indictment in which he was charged with burglary in the first degree, as defined by statute, C. S., 4232. He entered a plea of not guilty.

At the trial there was evidence for the State tending to show that the defendant was discovered in the dwelling house of George Stanley and his wife, Mae Stanley, in Rockingham County, some time between 6 and

7 o'clock p.m., on 5 December, 1935, and that he had entered said dwelling house with the felonious intent to steal and carry away certain articles of personal property then in said dwelling house.

There was evidence for the State tending to show further that the defendant had broken into and entered said dwelling house, during the nighttime, while the same was occupied, with the felonious intent as charged in the indictment. An inference was permissible, however, from said evidence that at the time the defendant entered said dwelling house, the same was unoccupied.

The evidence for the State tended to show that when the defendant was discovered in said dwelling house by Mrs. Mae Stanley, upon her return from a visit to a neighbor, he assaulted her, and that when she screamed and fired her pistol, he ran from the house, and that as he ran he dropped certain articles of personal property which he had taken and carried away from said house.

The evidence for the defendant tended to sustain his defense that at the time the crime charged in the indictment is alleged to have been committed, he was elsewhere. The testimony of the defendant to that effect was strongly supported by the testimony of witnesses for the defendant, whose credibility was not impeached.

All the evidence was submitted to the jury, under a charge by the judge, to which there was no exception by the defendant.

The jury returned as their verdict: "Guilty of an attempt to commit burglary in the second degree."

The defendant moved for the arrest of judgment on the ground that there was no evidence at the trial tending to support the verdict returned by the jury. The motion was denied, and the defendant excepted.

From judgment that he be confined in the county jail of Rockingham County for a term of eighteen months, and that he be assigned to work under the supervision of the State Highway and Public Works Commission, the defendant appealed to the Supreme Court, assigning as error the refusal of the trial court to allow his motion for arrest of judgment, and the judgment.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Jule McMichael and Sharp & Sharp for defendant.*

CONNOR, J. There was no error in the refusal of the trial court to allow defendant's motion for the arrest of judgment in this action, on the ground that there was no evidence at the trial to support the verdict returned by the jury. In the absence of any error or defect on the face of the record in this action, the motion for the arrest of judgment was

properly denied. The want of evidence at the trial to support the verdict is not a defect or error in the record, for which the judgment may be arrested. *S. v. McKnight,* 196 N. C., 259, 145 S. E., 281.

It may be conceded that all the evidence for the State, if believed by the jury, showed that defendant is guilty of burglary in the second degree, at least, and that there was no evidence tending to show that defendant is guilty only of an attempt to commit burglary in the second degree. It does not follow, however, that the acceptance by the court of the verdict returned by the jury was error prejudicial to the defendant. In *S. v. Smith,* 201 N. C., 494, 160 S. E., 577, it is said: "A verdict for a lesser degree of the crime charged is logically permissible only when there is evidence tending to support a milder verdict, although there are decisions to the effect that if without supporting evidence a verdict is returned for the lesser offense, it will not be disturbed because it is favorable to the prisoner. *S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605."

In the instant case, the defendant does not contend in this Court that he is entitled to a new trial. His contentions that there was error in the refusal of his motion for arrest of the judgment, and in the judgment, cannot be sustained. The judgment is affirmed.

No error.