STATE OF NORTH CAROLINA v. GLOYD A. VESTAL

No. 5

(Filed 11 April 1973)

**Homicide § 31— no evidence to support manslaughter — verdict of manslaughter — error in submission of lesser included offense favorable to defendant**

The fact that defendant had incurred a large indebtedness to deceased and deceased desired to collect immediately, the number and seriousness of deceased's wounds, the transportation of the body to a distant lake and weighting it down with log chains, and the effort to conceal the fact that defendant did not make his planned business trip to Delaware with the deceased, disclosed a higher degree of homicide than manslaughter; however, the verdict finding the defendant guilty of manslaughter and the judgment thereon may be sustained on the basis of the rule that, if the court charges on a lesser included offense when all the evidence tends to support a greater offense, the error is favorable to the defendant and he is without standing to challenge the verdict.

APPEAL by defendant from *Copeland, J.,* May 29, 1972 Session, CASWELL Superior Court.

This criminal prosecution originated by Guilford County Grand Jury indictment which charged Gloyd A. Vestal with the first degree murder of Angelo S. Pennisi. The indictment alleged the offense occurred on June 15, 1969.

The defendant was first brought to trial in Guilford County Superior Court on May 4, 1970. At the conclusion of a long trial, at which fifty-three witnesses testified for the State, the jury returned a verdict finding the defendant guilty of murder in the second degree. The court imposed a prison sentence of twenty-five years from which the defendant appealed. On review, this Court ordered a new trial for errors in the admission of certain evidence offered by the State.

On defendant's motion alleging unfavorable publicity, the court ordered the case removed to the adjoining County of Caswell.

At the new trial in Caswell County the State again offered evidence, the same in substance as that which this Court had held competent on the first appeal. Defendant concedes the competent evidence offered at the first trial was in substance repeated at the second trial. This concession permits the court to

include that evidence herein by reference to the prior record. That evidence is accurately summarized in paragraphs numbered 1 through 18, pages 568-571, *State v. Vestal*, 278 N.C. 561-599, 180 S.E. 2d 755. In addition, the State offered the following new evidence:

1. Mrs. Everage, an employee of an insurance agency, testified that at ten or eleven a.m. on the morning of June 16, 1969, the defendant came to the office where she worked. "I said, 'What are you doing here, I thought that you were in Wilmington, Delaware, with Mr. Pennisi.'" Mr. Vestal replied: "Sssh, I am supposed to be but I did not go, but please don't tell Rose [Mrs. Pennisi]."

2. Between the time of Mr. Pennisi's disappearance and the time his body was discovered in Lake Gaston, Officer Jenkins questioned the defendant who made the statement: "[T]hat the only business interest that he had with Mr. Pennisi was that he did owe Mr. Pennisi six thousand dollars for a Lincoln Continental automobile, but that this was a small sum compared to what he owed Mr. Pennisi in the past. That he had borrowed fifty thousand dollars at a time from Mr. Pennisi, but at the present time that he only owed him six thousand dollars."

3. The State introduced in evidence as Exhibits 10 and 11 two notes due by the defendant to Pennisi. One was for $70,000.00 and the other was for $40,879.37. Mr. Pennisi had placed these notes in the hands of Kenneth Lewis for safekeeping. Other evidence tended to show that the defendant was indebted to the deceased in a sum in excess of two hundred thousand dollars.

At the close of the evidence, the court, overruling the defendant's motion to dismiss, instructed the jury to render one of three verdicts: (1) guilty of murder in the second degree, (2) guilty of manslaughter, or (3) not guilty. The jury found the defendant guilty of manslaughter. From the court's judgment that the defendant be imprisoned for not less than eighteen nor more than twenty years he appealed, assigning errors.

*Robert Morgan, Attorney General, by Howard O. Satisky, Assistant Attorney General, for the State.*

*Robert Blackwell and Cahoon & Swisher by Robert S. Cahoon and James L. Swisher for defendant appellant.*

HIGGINS, Justice.

The court properly overruled the defense counsel's challenge to the sufficiency of the evidence to go to the jury on any degree of homicide. However, counsel makes these further contentions: (1) On the first trial the verdict finding the defendant guilty of murder in the second degree was an acquittal of the charge of murder in the first degree; (2) on the second trial the verdict finding the defendant guilty of manslaughter was an acquittal of the charge of murder in the second degree; (3) the evidence before the court was insufficient to support the verdict of manslaughter; (4) the court committed error in submitting manslaughter; hence, the verdict should be set aside, the sentence vacated, and the defendant discharged.

True, the verdict finding the defendant guilty of murder in the second degree eliminated murder in the first degree from the charge. For the same reason, the verdict finding the defendant guilty of manslaughter eliminated murder in the second degree from the charge.

The legal question before us now is whether the verdict finding the defendant guilty of manslaughter and the judgment thereon may be sustained. In this connection, we concede the new evidence did not tend to reduce to manslaughter the degree of guilt of the person who had killed Mr. Pennisi. The motive, the number and seriousness of the wounds, the transportation of the body to a distant lake weighted down with log chains, and the effort to conceal the fact the defendant did not make his planned trip to Delaware with the deceased, disclose a higher degree of homicide than manslaughter.

Examination of the record on the first trial shows the court instructed the jury to return one of four verdicts: (1) guilty of murder in the first degree; (2) guilty of murder in the first degree with a recommendation that the punishment be imprisonment for life in the State's prison; (3) murder in the second degree; (4) not guilty. Here quoted is defendant's Exception No. 348 to the charge: "The defendant excepts to the court's limiting the jury's verdict to exclude a verdict of manslaughter."

In all probability Judge Copeland had before him the record and the briefs as well as this Court's opinion on the first appeal. However, the fact the defendant objected to the failure of Judge Johnston to submit manslaughter on the first trial,

may have induced Judge Copeland to submit manslaughter, even though evidence of manslaughter is lacking.

In short, the defendant contends the evidence was insufficient to raise an issue of manslaughter, the court committed error in submitting that issue to the jury, and the verdict, being without evidentiary support, should be set aside, the judgment vacated, and the defendant discharged. On the question thus presented, our decided cases follow the majority rule and hold that if the court charges on a lesser included offense when all the evidence tends to support a greater offense, the error is favorable to the defendant and he is without standing to challenge the verdict.

"Suppose the court erroneously submitted to the jury a view of the case not supported by evidence, whereby the jury were permitted, if they saw fit, to convict of manslaughter instead of murder, what right has the defendant to complain? It is an error prejudicial to the State, and not to him." *State v. Quick,* 150 N.C. 820, 64 S.E. 168.

"The jury discarded defendant's plea, and if, as now argued by him, there was nothing in the evidence to warrant a verdict of manslaughter, it was the duty of the jury to convict of murder in second degree.

"It necessarily follows that, under such circumstances, the defendant cannot complain of a verdict for manslaughter, a lesser degree of homicide. An error on the side of mercy is not reversible." *State v. Fowler,* 151 N.C. 731, 66 S.E. 567.

In *State v. Chase,* 231 N.C. 589, 58 S.E. 2d 364, the Court citing *State v. Quick, supra,* said that a conviction of a lesser included offense of which there is no evidence is prejudicial to the State and the defendant has no just complaint. To like effect the Court cites *State v. Matthews,* 142 N.C. 621, 55 S.E. 342; *State v. Fowler, supra; State v. Rowe,* 155 N.C. 436, 71 S.E. 332; *State v. Casey,* 159 N.C. 474, 74 S.E. 625; *State v. Blackwell,* 162 N.C. 672, 78 S.E. 316.

In *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431, the defendant was tried for murder. The jury returned a verdict finding the defendant guilty of manslaughter. The Court said:

"Evidence of manslaughter is lacking. The defendant, however, cannot complain that 'the jury, by an act of

grace,' has found him guilty of a lesser offense. 'Such verdicts occur now and then, despite the efforts of the courts to discourage them. When they do . . . since they are favorable to the accused, it is settled law that they will not be disturbed.' *State v. Bentley,* 223 N.C. 563, 27 S.E. 2d 738; *State v. Roy,* 233 N.C. 558, 64 S.E. 2d 840; *State v. Matthews,* 231 N.C. 617, 58 S.E. 2d 625; . . . *State v. Robertson,* 210 N.C. 266, 186 S.E. 247." See also *State v. Mitchner,* 256 N.C. 620, 124 S.E. 2d 831.

The defendant contends he is entitled to an acquittal if the jury, with or without instruction from the trial judge, convicts of a lesser included offense when all the evidence tended to support a major offense. This proposition fails of its own weight. The defendant gains a new trial if the court fails to charge on a lesser offense of which there is evidence. The judge, therefore, must be alert to the danger of a new trial if he fails to charge on the lesser offense. In borderline cases, prudence dictates submission of the lesser offenses. To give the defendant absolution if the judge makes a mistake in his favor, would tend to put the judge on trial. Such is not the purpose of the law.

The evidence, though circumstantial, was amply sufficient to sustain the jury's finding that the defendant was responsible for the killing of Angelo S. Pennisi. While Judge Copeland's definition of manslaughter leaves something to be desired, nevertheless the definition placed upon the State a heavier burden than the customary and usual definition. The deviation, therefore, was non-prejudicial.

Other questions of law or legal inference not herein discussed are fully decided and the decision documented by this Court in passing on the first appeal.

The defendant's objections to the trial are not sustained. In the judgment we find

No error.