STATE OF NORTH CAROLINA v. GAREFIELD (GARFIELD) McLAMB

No. 734SC381

(Filed 12 December 1973)

1. **Criminal Law § 30; Homicide § 23— solicitor's announcement not to try defendant for first degree murder — absence of prejudice**

    Defendant was not prejudiced by the solicitor's announcement and by repetition of the announcement in the court's instructions that the State would not seek a conviction of first degree murder as charged in the indictment but would seek a conviction of second degree murder or manslaughter.

2. **Homicide § 21— second degree murder — sufficiency of evidence**

    The State's evidence was sufficient for submission to the jury on the issue of defendant's guilt of second degree murder where two eyewitnesses testified for the State that defendant, cursing and telling the unarmed victim to die, shot him three times, the third time after the victim had fallen to the ground.

3. **Criminal Law § 172; Homicide § 26— instructions on second degree murder — error cured by manslaughter verdict**

    Defendant's conviction of voluntary manslaughter rendered harmless error, if any, in submitting to the jury the question of defendant's guilt of second degree murder in the absence of a showing that the verdict of guilty of the lesser offense was affected thereby.

4. **Homicide § 28— instructions on accident**

    In this homicide prosecution, the trial court properly instructed the jury as to defendant's contention that the shooting was accidental, and the jury could not have been misled into the mistaken understanding that the defense of accident applied only to the charge of second degree murder but not to the charge of manslaughter.

APPEAL by defendant from *Brewer, Judge,* 4 December 1972 Session of Superior Court held in SAMPSON County.

Defendant was indicted for the murder of one Glenn Terry Weeks. When the case was called for trial, the solicitor an-

nounced in open court that the State would not seek a conviction of murder in the first degree but would seek a conviction of murder in the second degree or manslaughter, or such verdict as the law and evidence in the case might warrant. Defendant pled not guilty. The jury returned verdict finding defendant guilty of voluntary manslaughter. Judgment was entered that defendant be imprisoned for the term of ten years.

*Attorney General Robert Morgan by Deputy Attorney General Andrew A. Vanore for the State.*

*Holland, Poole & Groce, P.A., by Billie L. Poole and Edwin R. Groce for defendant appellant.*

PARKER, Judge.

[1] Appellant contends prejudicial error resulted from the announcement made by the solicitor when the case was called for trial and by the repetition of that announcement when the court, in its instructions to the jury, charged:

> "Now members of the jury, the solicitor announced at the beginning of the trial of this case the State would not seek a conviction of murder in the first degree as charged in the bill of indictment, the State would seek a conviction of murder in the second degree or guilty of manslaughter, or such verdict as the law and the evidence in the case might warrant."

As grounds for this contention appellant asserts (1) that he was never actually charged with first-degree murder because the indictment did not allege that he had killed "with premeditation and deliberation" and (2) that the reference to another charge against him prejudiced him with the jury in violation of the holding in *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174. Neither ground has merit. The bill of indictment was drawn under G.S. 15-144 and was sufficient to charge murder in the first degree. *State v. Haynes*, 276 N.C. 150, 171 S.E. 2d 435. The holding in *Williams* was that for purposes of impeachment a witness, including the defendant in a criminal case, may not be cross-examined as to whether he has been indicted for a criminal offense *other than that for which he is then on trial.* Here, the solicitor's announcement and the judge's instructions referred only to the same homicide for which defendant was tried. The jury could not have been prejudiced against the de-

fendant merely by learning that the solicitor thought the State's evidence would not justify submitting the highest degree of that crime.

[2] Appellant next contends that nonsuit should have been allowed as to the charge of second-degree murder because some of the State's evidence "negates the elements of intent and malice on the part of the defendant." If it be conceded that some of the State's evidence, *if viewed in the light most favorable to the defendant,* might tend in that direction, the same evidence, when viewed in the light most favorable to the State, was amply sufficient to justify submitting to the jury an issue as to defendant's guilt of second-degree murder. Two eyewitnesses testified for the State that defendant, cursing and telling the unarmed Weeks to die, shot him three times, the third time after Weeks had fallen to the ground. That defendant's witnesses gave a somewhat different version of the affair has no bearing on the question raised by the motion for nonsuit.

[3] While we hold that the evidence was amply sufficient to justify submitting second-degree murder as a possible verdict, we point out that defendant's conviction of voluntary manslaughter would in any event render harmless an error, had error been committed, in submitting to the jury the question of defendant's guilt of the more serious offense, at least absent any showing that the verdict of guilty of the lesser offense was affected thereby. *State v. Bryant,* 282 N.C. 92, 191 S.E. 2d 745; *State v. Sallie,* 13 N.C. App. 499, 186 S.E. 2d 667.

[4] Finally, appellant contends that the trial court erred in failing to instruct the jury adequately as to the defendant's contention that the shooting was accidental. Specifically, appellant contends that the court failed to relate this defense clearly to the offense of manslaughter. We disagree. The court instructed the jury fully and clearly as to defendant's contention that the shooting had been unintentional and accidental. After instructing the jury as to the elements of second-degree murder, voluntary manslaughter, and involuntary manslaughter, the court then clearly instructed the jury that if the deceased died by accident or misadventure, defendant would not be guilty, and that "[t]he burden of proving accident is not on the defendant, his assertion of accident is merely a denial that he has committed any crime." The jury simply could not have been misled, as appellant seems to contend, into the mistaken understanding that the defense of accident applied only to the charge

of second-degree murder but not to the charge of manslaughter. We find the charge free from prejudicial error.

No error.

Judges CAMPBELL and HEDRICK concur.