STATE OF NORTH CAROLINA v. JOHN COLLINS

No. 7626SC4

(Filed 19 May 1976)

1. Criminal Law § 91— extradited defendant — unavailability of witnesses — continuance proper

Where defendant was extradited from New York approximately six years after the commission of the crime charged, the trial court did not err in determining that the State did not have all its witnesses available and for that reason extending the time of defendant's trial beyond the 120 days after defendant arrived in the State from New York. G.S. 15A-761, Article IV(c).

2. Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis

The trial court in a first degree murder prosecution did not err in allowing an eyewitness's in-court identification of defendant, since the court determined that the identification was based on the witness's observation of defendant at the crime scene and was not tainted by a photographic identification by the witness.

3. Homicide § 28— defense of accident — jury instructions proper

In a first degree murder prosecution the trial court's jury instructions regarding the defense of accidental homicide were proper.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 28 October 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 April 1976.

On 6 April 1969 a warrant was issued charging defendant with the first degree murder of David Ford. The defendant was apprehended by the New York police authorities, and the State of North Carolina requested that he be extradited to North Carolina to stand trial. New York granted extradition on 25 April 1975 and on 13 June 1975 the defendant was returned to North Carolina.

Defendant was charged by the Grand Jury at the August 4 Session of the court with the first degree murder of David Ford. He was arraigned on 25 September 1975.

On 10 October 1975, 120 days after the defendant had been returned to North Carolina to stand trial, the State moved for a continuance pursuant to G.S. 15A-761, Article IV(c). The trial court granted the State's request, and trial was set for 27 October 1975, 137 days after the defendant had been received by the State.

On 24 September 1975, the defendant filed a motion to suppress the potential testimony of the State's witness, Willie Culthbertson, regarding his identification of the defendant. A hearing on the motion was held immediately prior to trial. Culthbertson testified that at approximately 9:45 p.m., on 22 March 1969, he was working in the Blue Mist Restaurant when he observed the defendant Collins walking down the length of the counter with a pistol in his hand. He stated that the room was well lighted, and that he could observe that Collins was approximately five feet six inches tall, 160 pounds, in his late twenties, with light skin, and a large Adam's Apple. Culthbertson said that the defendant was no more than ten feet from him.

Culthbertson further stated that defendant shot three times. The first shot struck Culthbertson in the arm, the second shot struck David Ford and killed him, and the third shot hit the wall. The defendant immediately ran out of the restaurant.

Culthbertson had earlier selected defendant's picture from a group of photographs, and he had identified defendant as the perpetrator of the crime. Later Culthbertson also identified the defendant in a lineup in New York. Culthbertson had never seen the defendant prior to the shooting, and he had not seen the defendant since the shooting until he identified the defendant in New York.

The court denied the motion to suppress and concluded that Culthbertson had ample opportunity to observe the defendant

in the Blue Mist Grill in 1969, and that the photographic identification was not so suggestive as to permit a substantial likelihood of irreparable misidentification. The court finally concluded that "the in-court identification of the defendant by the witness Culthbertson is of independent origin, based solely on what the prosecuting witness saw at the time of the crime, and does not result from any unlawful, out-of-court confrontation or from any photograph or from any pre-trial identification procedures suggestive or conducive to misidentification." Culthbertson testified to essentially the same facts at the trial as he did on voir dire.

Officer H. R. Smith testified that in April 1969 he showed twelve photographs to Culthbertson and asked him to select the photograph of the person who shot him and David Ford. The only photograph Culthbertson selected was of the defendant. Officer M. H. Godfrey testified that prior to the trial in 1975 he exhibited six photographs to Culthbertson and asked him to pick out the picture he identified in 1969. Culthbertson selected the photograph of the defendant.

The defendant testified that on 22 March 1969 he went to the Blue Mist Grill at about 9:30 or 10:00 p.m. He stated that he had never been to the Grill prior to 22 March 1969, and that he did not know David Ford, Culthbertson, or any of the other persons in the Grill. The defendant stated that earlier in the evening he had taken a gun away from his brother because his brother was drunk and he did not want to see his brother get into trouble. Defendant had his brother's pistol when he entered the Blue Mist Grill.

Defendant testified that as he was sitting down in a booth one of the patrons of the bar accused the defendant of stepping on his shoes. Defendant stated that the man demanded an apology, and also demanded that the defendant buy him a beer. Defendant apologized but refused to purchase the beer. The man tried to hit defendant and defendant backed away. Culthbertson grabbed the defendant from the back, and the defendant shot Culthbertson in the arm. Defendant stated also that Culthbertson grabbed his arm again and the gun fired accidentally. According to defendant when he ran away he did not know that anyone had been killed. He moved to New York a few days later.

The jury returned a verdict of guilty of second degree murder. From a judgment imposing a prison sentence defendant appealed to this Court.

State v. Collins

*Attorney General Edmisten, by Assistant Attorney General Robert P. Gruber, for the State.*

*Waggoner, Hasty and Kratt, by John H. Hasty, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that the trial court erred in extending the time of defendant's trial beyond the 120 days provided in G.S. 15A-761, Article IV(c). We cannot agree.

G.S. 15A-761, Article IV(c) provides: "In respect of any proceeding made possible by this Article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, *but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.*" [Emphasis added.]

A hearing was held 10 October 1975 to determine whether there was "good cause" to extend the date of defendant's trial beyond the 120 days statutory period. The State's attorney argued that "all the witnesses are not available . . . [and] [t]he State, based on these reasons, would request that the case be called at the next convenient date for the purposes of disposition."

At the conclusion of the hearing the trial judge found "that on October 10, 1975, the State had some, but not all, of its witnesses available . . . [and] [u]pon the foregoing findings of fact, the court concludes that the State has shown good cause in open court, the prisoner and his counsel being present, for the requested and reasonable continuance."

It was approximately six years after the crime before defendant was apprehended. We see no error in the continuance for "good cause" because of the unavailability of the State's witnesses.

[2] Defendant next contends that the trial court erred in failing to suppress the testimony of Willie Culthbertson regarding his in-court identification of defendant. He argues that Culthbertson's in-court identification was tainted by the earlier photographic identification.

"The test under the due process clause as to pretrial identification procedures is whether the totality of the circumstances reveals pretrial procedures so unnecessarily suggestive and conducive to irreparable mistaken identification as to offend fundamental standards of decency, fairness, and justice." *State v. Henderson,* 285 N.C. 1, 9, 203 S.E. 2d 10 (1974). The pretrial identification procedure in the instant case was not suggestive or otherwise improper. The trial court properly determined on voir dire that Culthbertson's in-court identification was based on his observations of the defendant at the scene of the crime. Furthermore, we note that defendant admitted that he was in the Blue Mist Grill on 22 March 1969, and that he did the shooting. The trial court did not err in denying the defendant's motion to suppress Culthbertson's testimony.

[3]    Defendant assigns error to the trial judge's instructions to the jury. He argues that the trial court improperly instructed the jury regarding the defense of accidental homicide. The trial judge charged the jury as follows: "If David Ford died by accident or misadventure, that is, without wrongful purpose or negligence or criminal negligence on the part of the defendant, the defendant would not be guilty. The burden of proving an accident is not on the defendant. His assertion of accident is merely a denial that he has committed any crime. The burden remains on the State to prove the defendant's guilt beyond a reasonable doubt."

The trial judge properly stated the law and we do not find the charge to be misleading. *See State v. McLamb,* 20 N.C. App. 164, 200 S.E. 2d 838 (1973).

Defendant's remaining assignments of error have been carefully reviewed and they are without merit.

No error.

Judges BRITT and VAUGHN concur.