### STATE v. CLIFFORD DELAIN DAVIS.

(Filed 1 December, 1965.)

**1. Rape §§ 4, 18—**

Testimony that a defendant, charged with rape or assault with intent to commit rape, was intoxicated at the time the crime was committed is competent as part of the *res gestæ.*

**2. Same; Criminal Law § 38—**

Whether defendant's intoxication before and after the crime is competent upon the question of defendant's intoxication at the time the crime was committed is a question of remoteness to be determined upon the facts of each particular case.

**3. Same—**

Defendant testified to the effect that he drank some beer prior, and again subsequent, to the time the crime was committed, and prosecutrix testified that at the time of the crime she smelled alcohol on his breath but that he did not act like a drunk person. Testimony of an officer that some three and one-half hours after the commission of the crime defendant was intoxicated to the extent he was staggering is incompetent to show defendant was intoxicated at the time the crime was committed.

**4. Rape §§ 4, 18; Criminal Law § 33—**

Where defendant, charged with rape, appears in front of the prosecutrix' house shortly after midnight, some three and one-half hours after the crime was committed, it is competent to show as a circumstance throwing light on his conduct, that he was then intoxicated, since if defendant had been sober his appearance at that time and place would be a circumstance strongly suggesting innocence, but if he were intoxicated and guilty it would explain his abnormal and unusual conduct in appearing where he might be readily identified as the assailant.

**5. Evidence § 15—**

When evidence is material and competent, objection on the ground that it would tend to discredit a party in the eyes of the jury, is untenable.

**6. Criminal Law § 107—**

Where the court correctly defines a term in its charge to the jury, it is not ground for exception that the court fails to repeat the definition each time the term is repeated in the charge.

APPEAL by defendant from *Bickett, J.,* February 15, 1965, Criminal Session of JOHNSTON.

Criminal action in which the indictment charges that defendant, Clifford Delain Davis, on "The 28th day of December, 1964, . . . did, unlawfully, wilfully and feloniously ravish and carnally know Eugenia Elizabeth Upchurch a female, by force and against her will . . ."

Defendant entered a plea of not guilty. The State's evidence, in brief summary, tends to establish these facts: About 8:35 P.M. on 28 December 1964 prosecutrix, age 19, entered her car which was parked across the street from the public library in Smithfield. As she started her car, defendant (age 24, a married man) opened the right front door and jumped in. He held an open knife at her throat and caused her to drive to a secluded spot about two miles east of Smithfield. By means of force and threats he had two acts of sexual intercourse with her. On the way back to Smithfield defendant asked prosecutrix if she knew who he was. For fear he might kill her she told him she did not. She had known who he was for six or seven years, but had never associated, or had any conversation, with him. He got out of the car in a residential section of Smithfield. Prosecutrix went to her home and promptly reported that she had been raped.

Defendant testified that he had known prosecutrix for sometime, he rode with her on this occasion and had the acts of intercourse with her, she offered no objection or resistance.

The jury returned a verdict of "guilty of an assault with intent to commit rape." The court sentenced defendant to prison for a term of not less than 12 nor more than 15 years.

*Attorney General Bruton and Staff Attorney Vanore for the State.*
*Knox V. Jenkins, Jr., for defendant.*

PER CURIAM. Defendant contends that he is entitled to a new trial by reason of the admission of irrelevant and prejudicial evidence, and error in the charge.

(1) An agent of the State Bureau of Investigation was permitted to testify, over defendant's objection, that he saw defendant immediately in front of prosecutrix' home about 12:30 A.M. on the night in question and defendant was then "intoxicated to the extent he was staggering on the street." Defendant contends that the testimony with respect to intoxication is irrelevant and without purpose other than to prejudice the jury against him, and, further, is incom-

petent as proof of an unrelated criminal offense when defendant did not put his character at issue.

The following general principles are pertinent. Testimony of the condition of one accused of rape or assault with intent to commit rape, as to drinking or intoxication, at the time of the crime is admissible as a part of the *res gestæ*. 75 C.J.S., Rape, § 59, p. 531. ". . . in a prosecution for assault with intent to rape it has been held proper to show that accused was drinking before or about the time of the alleged offense, to show his condition at the time of the offense, to show a condition of mind which might render him reckless of consequences, or to corroborate the testimony of prosecutrix that she had detected the odor of liquor on her assailant." *Ibid*, p. 532. But evidence that accused was drunk several hours after the time of the alleged offense is properly excluded. *Pusley v. State*, 210 P. 306 (Okla.). See also *Raynor v. Railroad*, 129 N.C. 195, 39 S.E. 821. Where intoxication is an issue at the trial, the question whether the existence of intoxication at a particular time is competent to show the existence of that condition at another time is a question of materiality or remoteness to be determined upon the facts of each particular case, including the length of time intervening and the showing, if any, whether the condition remained unchanged. *State v. Kelly*, 227 N.C. 62, 40 S.E. 2d 454; *State v. Dawson*, 228 N.C. 85, 44 S.E. 2d 527.

In order to determine the relevance and competency of the testimony in question, it must be considered in relation to other evidence on the subject and to the conduct of defendant. Defendant testified that before the alleged crime he was at the Riverside Tavern, drinking beer and he remained there at least an hour. Prosecutrix testified that at the time of the crime defendant did not "act like a drunk person" but when he got in the car she smelled alcohol on his breath. Defendant testified that after the occurrence he returned to the tavern and remained there until 11:00 P.M., that sometime thereafter he was passing the home of prosecutrix, saw seven or eight police cars parked on both sides of the street and a "lot of people on the lawn," and he stopped and walked up the street toward the house and was asked by an officer what he wanted. An officer testified that on this occasion defendant "was staggering on the street" (this is the testimony objected to). Defendant explained his condition at that time thus: "I had some beer in me. I did have enough alcohol in me so that it didn't matter how cold it was at that time. I was not in a staggering condition at that time."

The testimony that defendant was staggering on the street in front of the home of prosecutrix about 12:30, three and one-half hours

after the alleged crime, has no tendency to prove that defendant was intoxicated at the time of the alleged crime, and is not competent for such purpose. Indeed, the State does not contend that defendant was drunk at the time of the offense. Yet, in our opinion the testimony is not irrelevant or incompetent. That defendant appeared at the home of prosecutrix after she had reported the assault and during the early stages of investigation, when officers and citizens had there assembled, has significance. If defendant was sober and in normal condition, his appearance at that time and place was a circumstance strongly suggesting innocence. Defendant could contend, with much force, that a guilty person, in full possession of his faculties, does not ordinarily put himself in a position to be readily identified as the assailant and to be readily apprehended. On the other hand, if he was intoxicated and in a staggering condition he would probably be in a state of mind reckless of consequences and conducive of abnormal and unusual conduct. Thus, his condition on the occasion, if one of intoxication, would tend to weaken the inference of innocence which might otherwise arise. Therefore, the testimony is competent as bearing upon his mental state and motive in appearing at the home of prosecutrix.

"It is not required that evidence bear directly on the question in issue, but it is competent if it shows circumstances surrounding the parties necessary to an understanding of their conduct and motives and the reasonableness of their contentions." 2 Strong: N. C. Index, Evidence, § 15. "When evidence is material and competent, objection on the ground that it would tend to discredit a party in the eyes of the jury, is untenable." *Ibid.* If, as defendant contends, evidence of drinking and intoxication strongly prejudiced him in the eyes of the jury, the challenged testimony added very little to the picture otherwise developed by the evidence on this point.

(2) The court instructed the jury that they might return one of the following verdicts: guilty of rape, guilty of rape with recommendation of life imprisonment, guilty of assault with intent to commit rape, guilty of assault with a deadly weapon, guilty of assault on a female (defendant being a male person over the age of 18 years), or not guilty. In explaining to the jury the elements of an assault with intent to commit rape, the court defined "assault" as "an unlawful intentional offer or attempt by force or violence to do injury, that is, bodily harm or hurt, to the person of another, and it must be intentional." Thereafter, in explaining the law with respect to an assault with a deadly weapon, the judge said: "The court will not again define what is meant by assault because the same definition applies

here as in the other except that this is with a deadly weapon." And in explaining assault on a female the court said: "the same definition of assault that I have heretofore given you applies in this case, on this count."

Defendant does not contend that the definition given is erroneous, but insists that the failure to repeat the definition in explaining the lesser grades of the offense charged confused the jury and could have led them to the conclusion that all of the elements of assault with intent to commit rape were embraced in assault with a deadly weapon and assault on a female.

Defendant's contention is not sustained. We cannot say as a matter of law that the jury were, or might have been, confused by instructions which are clear, simple and unambiguous. There is no requirement of law that a trial judge must repeat a definition each time the word or term (once defined) is repeated in the charge. *State v. Young,* 286 S.W. 29 (Mo.). See also *State v. Tyndall,* 230 N.C. 174, 52 S.E. 2d 272; *State v. Killian,* 173 N.C. 792, 92 S.E. 499.

No error.