STATE OF NORTH CAROLINA v. MICHAEL SMALL

No. 7618SC570

(Filed 1 December 1976)

1. Rape §§ 1, 5— two acts of intercourse — two rapes — rape not continuing offense

In a prosecution of defendant for two offenses of rape which allegedly occurred on the same night and involved the same victim, the trial court did not err in failing to grant defendant's motion for nonsuit on the second charge of rape based on defendant's argument that the second incident of sexual intercourse complained of was only a continuation of the first incident, since the offense of rape is terminated by a single act or fact, and the evidence in this case was sufficient to establish two distinct offenses and to support the verdict of guilty in both cases.

2. Criminal Law § 165— recording of jury argument waived — defendant's objection to portion of argument — failure of court to record portion — no error

Where counsel for the State and defendant agreed that jury arguments would not be recorded, the trial judge did not abuse his

State v. Small

discretion in refusing to have recorded a portion of the district attorney's argument to which defendant had objected.

**3. Criminal Law § 115— instruction on lesser included offenses — error favorable to defendant**

   If the court charges on a lesser included offense when all the evidence tends to support a greater offense, the error is favorable to the defendant and he is without standing to challenge the verdict.

APPEAL by defendant from *Seay, Judge.* Judgment entered 13 February 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 16 November 1976.

By two bills of indictment proper in form, defendant was charged with (1) first-degree rape and (2) second-degree rape. Carol Pauline is the victim named in both bills and both offenses allegedly occurred on 27 September 1976. The State elected to ask for no verdict greater than second-degree rape and the cases were consolidated for trial. Defendant pled not guilty.

Evidence presented by the State is summarized in pertinent part as follows:

On the evening of 26 September 1975 Carol Pauline, who was married and the mother of a two-year-old child, went out dancing with her girl friend and two male friends. At around 1:00 a.m. they returned to her girl friend's apartment in High Point where everyone except Mrs. Pauline went to sleep. Sometime between 3:00 and 4:00 a.m. she decided to walk home and as she was walking on Lexington Avenue toward Main Street a man (later identified as defendant) began following her and making gestures.

Mrs. Pauline realized that the man was a deaf mute and one of his arms was "like a nub"; she estimated that he weighed around 200 pounds. After a brief attempt at conversation with Mrs. Pauline, defendant dragged her into some bushes and threw her on the ground. She struggled to get away but when he hit her three times in her face she ceased further resistance. Defendant then proceeded to rape her.

Thereafter, she attempted to lure defendant to her friend's apartment so that she could get help. Before getting to the apartment, however, he dragged her into some bushes and raped her again. On that occasion when she attempted to resist he raised his fist as though to hit her again so she ceased strug-

gling. Following the second incident Mrs. Pauline ran to her friend's apartment, woke her up and defendant disappeared. She called her husband and he carried her to the hospital. Following the incidents Mrs. Pauline had a black and swollen eye and abrasions on her back and knees.

Earlier on the night in question defendant was seen by police in the South Main Street area of High Point near a beer joint where defendant told police he was being chased by two men who wanted to kill him.

Defendant presented no evidence.

The jury returned verdicts finding defendant guilty of second-degree rape in both cases. The court entered one judgment in the two cases, namely, that defendant be imprisoned for the term of not less than 35 nor more than 40 years, to be given credit for time spent in custody pending trial. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Henry H. Burgwyn, for the State.*

*Boyan and Slate, by Joseph E. Slate, Jr., for defendant appellant.*

BRITT, Judge.

[1] Defendant assigns as error the failure of the trial court to grant his motion for nonsuit on the second charge of rape. We find no merit in this assignment.

Defendant appears to argue that the second incident of sexual intercourse complained of was only a continuation of the first incident, hence the evidence tended to show only one offense. While defendant does not cite, and our research does not disclose, any case from this jurisdiction which we consider directly on point, we think the principle stated in *State v. Johnson*, 212 N.C. 566, 194 S.E. 319 (1937), is applicable here. In that case, in an opinion by Justice (later Chief Justice) Barnhill, our Supreme Court said (page 570) : "A continuing offense . . . is a breach of the criminal law not terminated by a single act or fact, but which subsists for a definite period and is intended to cover or apply to successive similar obligations or occurrences."

Although *State v. Johnson, supra,* involved a continuing offense, nonsupport of a child, we think the converse is true in this case. The offense of rape is terminated by a single act or fact and the evidence in the case at bar was sufficient to establish two distinct offenses and to support the verdict of guilty in both cases. In 75 C.J.S., Rape § 4, we find: "Generally rape is not a continuous offense, but each act of intercourse constitutes a distinct and separate offense."

The assignment of error is overruled.

[2] Defendant assigns as error the failure of the trial court to allow him "to get into the record the particular portion of the assistant district attorney's argument to the jury objected to and in failing to direct that the remainder of the argument of the assistant district attorney be transcribed." This assignment has no merit.

The record discloses that after all evidence was presented counsel for the State and the defendant agreed that jury arguments would not be recorded; that counsel for defendant and the State presented their arguments to the jury; that during the district attorney's argument defendant objected to a particular portion of the argument and the court overruled the objection; and that the court then refused defendant's motion to have the court reporter record the portion of the argument objected to.

It is well settled that the control of the jury arguments of counsel must be left largely to the discretion of the trial court and its rulings thereon will not be disturbed in the absence of gross abuse of discretion. 4 Strong, N. C. Index 3d, Criminal Law § 102.2. "The manner of conducting the argument of counsel, the language employed, the temper and tone allowed, must be left largely to the discretion of the presiding judge. He sees what is done, and hears what is said. He is cognizant of all the surrounding circumstances, and is a better judge of the latitude that ought to be allowed to counsel in the argument of any particular case." *State v. Thompson,* 278 N.C. 277, 179 S.E. 2d 315 (1971).

In the case at hand, in view of the agreement to waive the recording of jury arguments, we do not think the trial judge abused his discretion in refusing to have recorded a portion of the district attorney's argument. Furthermore, considering the

overwhelming evidence of defendant's guilt, we do not feel that an indiscreet statement by the district attorney was of real significance. It is only in extreme cases of the abuse of the privilege afforded counsel in making arguments to the jury that a new trial is warranted. *State v. Thompson, supra.*

Defendant assigns as error the admission of testimony tending to show his presence, some three or four hours prior to the times in question, at a beer joint and parking lot in High Point a considerable distance from the scene of the alleged offenses. We find no merit in this assignment.

Defendant argues that the testimony was irrelevant and that its only purpose was to prejudice him in the eyes of the jury. The argument is not persuasive. By his pleas of not guilty defendant imposed on the State the burden of proving every element of the charges against him, even to his being in the City of High Point on the night in question. In *State v. Davis,* 265 N.C. 720, 723, 145 S.E. 2d 7, 10 (1965), we find:

> "It is not required that evidence bear directly on the question in issue, but it is competent if it shows circumstances surrounding the parties necessary to an understanding of their conduct and motives and the reasonableness of their contentions." 2 Strong, N. C. Index, Evidence, § 15. "When evidence is material and competent, objection on the ground that it would tend to discredit a party in the eyes of the jury, is untenable." *Ibid. . . .*

The assignment of error is overruled.

By his assignments of error 3, 4, 5 and 6, defendant contends the trial court erred in its instructions to the jury in that it expressed an opinion on the evidence, did not properly state his contentions, and did not give equal stress to his contentions and those of the State, in violation of G.S. 1-180. It suffices to say that we have carefully reviewed the jury charge, with particular reference to the portions challenged by these assignments, and conclude that the court did not violate G.S. 1-180. The assignments of error are overruled.

By his eighth assignment of error, defendant contends the court erred in its jury instructions with respect to second-degree rape and the lesser included offenses. Here again, we have reviewed the instructions in the light of this assignment and conclude that the court did not commit error.

Finally, defendant contends by his ninth assignment of error that the court erred in submitting as alternate verdicts the lesser included offenses of assault with intent to commit rape and assault on a female. He argues that there was no evidence tending to show a commission of the lesser included offenses.

**[3]** Assuming, *arguendo*, that there was no evidence tending to show the lesser included offenses, defendant has failed to show that he was prejudiced. The rule is well established in this jurisdiction that if the court charges on a lesser included offense when all the evidence tends to support a greater offense, the error is favorable to the defendant and he is without standing to challenge the verdict. *State v. Vestal*, 283 N.C. 249, 195 S.E. 2d 297, *cert. denied*, 414 U.S. 874, 38 L.Ed. 2d 114, 94 S.Ct. 157 (1973), and cases therein cited. See also *State v. Harris*, 23 N.C. App. 77, 208 S.E. 2d 266 (1974). The assignment of error is overruled.

In defendant's trial and the judgments imposed, we find

No error.

Judges VAUGHN and MARTIN concur.