STATE OF NORTH CAROLINA v. BRIAN KEITH DUDLEY

No. 129A86

(Filed 2 June 1987)

1. **Criminal Law § 128.1— inculpatory statement—no mistrial ex mero motu—no error**

     The trial court did not err in a prosecution for kidnapping and rape by not declaring a mistrial on its own motion after testimony by an officer that defendant had said that he shouldn't live any longer if he had done this and that defendant thought he had done something like that before. Defendant did not contend that his *Miranda* rights were infringed upon, and assuming there was error in not furnishing defendant with the statement during pretrial discovery, any improper prejudice was cured by the court's instruction to the jury not to consider the testimony.

2. **Rape and Allied Offenses §§ 1, 5— two acts with one victim—separate offenses**

     The trial court did not err in a prosecution for kidnapping and rape by not arresting judgment on one of two rape charges involving the first victim where the evidence showed that defendant completed intercourse with the first victim, was not successful with the second victim, and completed the act with the first victim for the second time. Each of the acts of forcible intercourse with the first victim was a separate rape rather than a continuing offense.

3. **Constitutional Law § 34— convictions for kidnapping and rape—double jeopardy**

     Although a defendant convicted of kidnapping, rape, and first degree sexual offense did not move to arrest judgment on any of the charges on double jeopardy grounds and therefore waived his right to raise the issue on appeal, the Supreme Court elected to review the issue in the exercise of its supervisory powers and held that defendant was entitled to have judgment arrested on either the rape or kidnapping as to one victim and either the first degree sex offense or the kidnapping as to the other victim.

4. **Criminal Law § 138.10— two life sentences—credit for time served on both**

     Where defendant was convicted of two counts of first degree rape and was given two life sentences to run concurrently, he should have been credited on both life sentences with time spent in jail awaiting trial. N.C.G.S. § 15-196.2.

     Justice MARTIN concurring in part and dissenting in part.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from judgments imposing life sentences entered by *Griffin, Judge,* presiding at the 3 February 1986 Criminal Session of CARTERET County Superior Court, where defendant was convicted of two counts of first degree rape, one count of attempted first degree

rape and two counts of first degree kidnapping. Defendant's petition to bypass the Court of Appeals as to judgments imposing sentences for less than life was allowed. Heard in the Supreme Court 10 March 1987.

The defendant was tried on two counts of the first degree rape of one victim, one count of the attempted rape of a second victim, one count of the first degree kidnapping of the first victim, and one count of the first degree kidnapping of the second victim. The State's evidence showed that on 2 September 1985 at approximately 1:00 a.m. two young girls, one age 16 and the other age 17, were riding in an automobile being driven by the 16 year old. They drove into a driveway and began to turn around when their way was blocked by an automobile driven by the defendant. The defendant left his automobile and by threatening them with a shotgun forced the two girls to leave their automobile and accompany him. He put them in his automobile and drove to an isolated spot near Morehead City where he raped one of them. He then attempted to have intercourse with the other but was unsuccessful. The defendant then forced the first victim to have intercourse with him for a second time. The defendant then put the two girls in his automobile and returned them to a place near their automobile at Atlantic Beach.

The defendant offered no evidence. He was convicted of all counts upon which he was tried. He was sentenced to life on the two convictions of first degree rape with these sentences to be served concurrently. He was sentenced to twenty years on the conviction of attempted first degree rape with this sentence to commence at the expiration of the life sentences. The two convictions of first degree kidnapping were consolidated for sentencing and the defendant received a sentence of forty years to commence at the expiration of the other sentences.

*Lacy H. Thornburg, Attorney General, by Kaye R. Webb, Assistant Attorney General, for the State.*

*Reginald L. Frazier, for defendant appellant.*

WEBB, Justice.

[1] The defendant first assigns error to the court's failure to declare a mistrial *ex mero motu* after a statement on direct ex-

amination by James R. Rose, an officer with the Atlantic Beach Police Department, who investigated the case. After the defendant had been interrogated by the investigating officers he was transported to the Beaufort, North Carolina magistrate's office. Mr. Rose testified that on the way to the magistrate's office the defendant without being questioned said "that if he did this, that he shouldn't live any longer; he should die." When they arrived at the magistrate's office the defendant was allowed to call his grandmother and a detective told Mr. Rose that the defendant had made a similar statement to him. Mr. Rose then testified: "So I went in and asked Mr. Dudley, I said Brian, what did you say? And he told me at that particular point and time that he thinks he's done something like this before." The defendant objected to this statement. The court sustained the objection and instructed the jury to disregard it. The defendant did not move for a mistrial but contends on appeal that the statement was so prejudicial that the court should have on its own motion declared a mistrial.

It is not clear on what ground the defendant contends it was error for Mr. Rose to have testified as he did. He does not contend the defendant's rights as defined by *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694 (1966), were infringed upon. In the superior court he argued that he had not been provided this statement during pre-trial discovery as required by N.C.G.S. § 15A-903(a)(2). The State does not argue that it would not have been error to have allowed this testimony. Rather, the State argues that any error was cured by the court's allowing the motion to strike and instructing the jury to disregard it. Assuming it would have been error to have admitted this testimony, any improper prejudice was cured by the court's instruction to the jury not to consider it. *State v. Ray*, 212 N.C. 725, 194 S.E. 482 (1938). If the court had on its own motion declared a mistrial without the consent of the defendant, the defendant might well have been in a position to plead double jeopardy at a new trial. *State v. Lowery*, 286 N.C. 698, 213 S.E. 2d 255 (1975). This assignment of error is overruled.

[2] Defendant next assigns error to the failure of the superior court to arrest judgment on one of the two charges of rape on the first victim. The evidence showed that the defendant completed the intercourse with her but was not successful in his attempts with the second victim. He then completed the act with the first

victim for a second time. The defendant contends it was a single continuous incident with the first victim and that he can be convicted of only one charge of rape. Our Court of Appeals dealt with a similar case in *State v. Small*, 31 N.C. App. 556, 230 S.E. 2d 425, *cert. denied*, 291 N.C. 715, 232 S.E. 2d 207 (1977). In that case the court held that a defendant could be convicted of two separate charges of rape when he twice had intercourse with a woman against her will while she was within his power. The court said, quoting 75 C.J.S. Rape § 4, "[g]enerally rape is not a continuous offense, but each act of intercourse constitutes a distinct and separate offense." We believe the reasoning of the Court of Appeals is correct. We hold that each of the acts of forcible intercourse with the first victim was a separate rape rather than a continuing offense. This assignment of error is overruled.

[3] The defendant next assigns error to the court's failure to arrest judgment on the first degree kidnappings or the rape and attempted rape convictions. He relies on *State v. Freeland*, 316 N.C. 13, 340 S.E. 2d 35 (1986), which holds that a person may not be convicted of both first degree kidnapping and a sexual assault if the sexual assault has to be proved to convict the defendant of kidnapping. We held that to do so would place the defendant in double jeopardy. Defendant did not at trial move to arrest judgment on first degree kidnappings or the rape and attempted rape convictions or sentences on double jeopardy grounds. He has, therefore, waived his right to raise the issue on appeal. *State v. Freeman*, 319 N.C. 609, 356 S.E. 2d 765 (1987); *State v. Mitchell*, 317 N.C. 661, 346 S.E. 2d 458 (1986); and *State v. McKenzie*, 292 N.C. 170, 232 S.E. 2d 424 (1977).

We elect, nevertheless, in the exercise of our supervisory power over the trial divisions, N.C. Const. Art. IV, § 12; N.C.G.S. § 7A-32 and pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure, to review this issue on appeal. *See State v. Stanley*, 288 N.C. 19, 215 S.E. 2d 589 (1975); and *State v. Hewett*, 270 N.C. 348, 154 S.E. 2d 476 (1967).

In this case the defendant was convicted of two counts of first degree rape and the first degree kidnapping of one victim. Under *State v. Belton*, 318 N.C. 141, 347 S.E. 2d 755 (1986), he is entitled to have judgment arrested as to one of the charges. He was convicted of first degree sexual offense and first degree kid-

napping of another victim. He is entitled under *Freeland* and *Belton* to have judgment arrested on one of these charges.

We remand the case to the superior court for further proceedings. On remand the superior court may as to the charges involving the first victim arrest judgment on one of the first degree rape convictions or on the first degree kidnapping conviction. As to the charges involving the second victim the court may arrest judgment on the attempted first degree rape or the first degree kidnapping conviction. If the court arrests judgment on either of the first degree kidnapping convictions it will enter a verdict of guilty of second degree kidnapping. The court will then resentence the defendant accordingly.

[4] The defendant next assigns error to the failure of the court properly to credit to his sentence the time he was in jail awaiting trial. The two life sentences which were imposed on the defendant are to run concurrently. The court ordered that the defendant receive 111 days credit on one life sentence for time spent in jail but did not order any credit on the other life sentence. N.C.G.S. § 15-196.2 provides in part:

> In the event time creditable under this section shall have been spent in custody as the result of more than one pending charge, resulting in imprisonment for more than one offense, credit shall be allowed as herein provided. . . . Each concurrent sentence shall be credited with so much of the time as was spent in custody due to the offense resulting in the sentence.

The defendant should have been credited on both life sentences with time spent in jail awaiting trial. At a new sentencing, the court may properly give the defendant credit for time spent in jail.

No error in the trial; remanded for new sentencing proceedings.

Justice MARTIN concurring in part and dissenting in part.

I concur in the majority holding that there was no error in the guilt phase of defendant's trial. I dissent to this Court's review of the double jeopardy issue that counsel concedes has

been waived by defendant. I do not find this to be a proper instance for this Court to grant extraordinary relief. No new principles of law are involved, nor do the actions of the trial court affect the general jurisprudence of the state. Without raising this issue before the trial court, defendant cannot argue it upon appellate review. *State v. Mitchell*, 317 N.C. 661, 346 S.E. 2d 458 (1986).