STATE OF NORTH CAROLINA v. WILLIE JAMES GRIMES

No. 8925SC119

(Filed 5 December 1989)

1. **Criminal Law § 66.16 (NCI3d) — pretrial photographic identification — independent origin of in-court identification**

   Evidence was sufficient to support the trial court's findings that a rape victim's in-court identification of defendant was based solely upon her observation of defendant at the time of the crime and was not tainted by any pretrial identification procedure which was so impermissibly suggestive as to lead to a mistaken identification.

   **Am Jur 2d, Evidence § 371.8.**

2. **Rape and Allied Offenses § 5 (NCI3d) — first degree rape — sufficiency of evidence of intercourse and use of weapon**

   The trial court did not err in denying defendant's motion to dismiss first degree rape charges where the victim testified that defendant had sexual intercourse with her on the couch in her living room and later in the bedroom; this testimony was sufficient to allow the jury to draw the reasonable inference that defendant had vaginal intercourse with the victim; the evidence was clear that the intercourse was by force and against the will of the victim; and the victim's testimony that defendant threatened her with an open knife which she saw

was sufficient to establish that defendant employed or displayed a dangerous or deadly weapon.

**Am Jur 2d, Rape §§ 3-5, 88-92.**

3. **Rape and Allied Offenses § 2 (NCI3d) — two rapes — sufficiency of evidence — "consolidation" not required**

The trial court did not err in refusing to "consolidate" rape charges against defendant where the evidence showed two distinct acts of intercourse, both accomplished by force and over the repeated resistance of the victim, and this was sufficient to support separate charges and convictions.

**Am Jur 2d, Rape §§ 3-5, 88-92.**

4. **Rape and Allied Offenses § 6.1 (NCI3d) — first degree rape charged — instructions on lesser offense of second degree rape not required**

The trial court did not err in failing to submit to the jury the lesser included offense of second degree rape where the State's evidence established all the constituent elements of first degree rape, and any doubt as to whether defendant employed or used a dangerous or deadly weapon was for the jury to resolve.

**Am Jur 2d, Rape § 110.**

5. **Kidnapping § 2 (NCI3d) — conviction for first degree rape and first degree kidnapping improper — error cured**

A defendant cannot be convicted of both first degree rape and first degree kidnapping when the rape is used to prove an element of the kidnapping charge; however, the trial court in this case corrected this error by arresting judgment on the first degree kidnapping conviction and properly entering judgment and sentencing defendant for second degree kidnapping.

**Am Jur 2d, Abduction and Kidnapping §§ 9, 34.**

APPEAL by defendant from *Griffin, Kenneth A., Judge.* Judgment entered 12 July 1988 in CATAWBA County Superior Court. Heard in the Court of Appeals 31 August 1989.

Defendant was charged with two counts of first-degree rape and with one count of first-degree kidnapping.

STATE v. GRIMES

[96 N.C. App. 489 (1989)]

At trial the State's evidence tended to show the following: On 24 October 1987, Carrie Lee Elliott, then age 69, was at home alone when she heard a knock on her door. When she opened the door, a man, later identified by her as defendant, forced his way into her living room. The man pushed Ms. Elliott onto the couch, beat her with his hands, threatened her with a knife, and forced her to have sexual intercourse with him. A short time later, the man suggested they go into the bedroom. When Ms. Elliott refused, the man beat her again and proceeded to drag her into the bedroom where he again forced her to have sexual intercourse. After the man left, Ms. Elliott called some family members who contacted the police. She was later treated for her injuries at a local hospital.

Defendant presented a number of alibi and character witnesses. Defendant testified in his own behalf, denying that he was present at Ms. Elliott's residence on 24 October 1987, and giving alibi testimony.

The jury convicted defendant on all counts. At sentencing, the trial court arrested judgment on the first-degree kidnapping conviction and sentenced defendant for second-degree kidnapping. Defendant received a life sentence for the rape convictions and a nine-year sentence for the kidnapping.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Grayson G. Kelley and Associate Attorney General E. Burke Haywood, for the State.*

*E. X. de Torres for defendant-appellant.*

WELLS, Judge.

[1] In one of his assignments of error, defendant contends that the in-court identification of defendant by Ms. Elliott was so tainted by "the pretrial identification procedure" as to deny defendant due process. "Identification evidence must be suppressed on due process grounds where the facts show that the pretrial identification procedure was so suggestive as to create a very substantial likelihood of irreparable misidentification." *State v. Wilson*, 313 N.C. 516, 330 S.E.2d 450 (1985). (Citations omitted.)

The factors to be examined to determine the likelihood of irreparable misidentification include: (1) the opportunity of the witness to view the individual at the time of the event; (2) the

witness' degree of attention; (3) the accuracy of the witness' prior description of the individual; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the event and the confrontation. *Wilson*, 313 N.C. at 529, 330 S.E.2d at 460. (Citations omitted.)

At the trial, upon defendant's objection to allowing Ms. Elliott to testify as to her pretrial identification of defendant's photograph, the trial court sustained the objection, however, at the State's request allowed a *voir dire* examination of Ms. Elliott on the question of identification. This examination extended into the general area of the testimony of Ms. Elliott as to identification of the defendant as her attacker. Following the *voir dire* examination, the trial court entered extensive findings of fact which invoked and covered all of the factors set out in *Wilson*, and, after ordering that the photo identification be excluded, found and concluded that Ms. Elliott's in-court identification of defendant was of independent origin based solely upon her observation of defendant at the time of the crime and was not tainted by any pretrial identification procedure that was so impermissibly suggestive as to lead to a mistaken identification.

Where findings of the trial court are supported by substantial competent evidence, they are binding on the appellate court. *Wilson*, 313 N.C. at 529, 330 S.E.2d at 460. (Citations omitted.)

Defendant does not argue to us that the trial court's findings in this case were not supported by substantial competent evidence, but suggests that Ms. Elliott's identification testimony was contradictory. Such contradictions as may have appeared were properly resolved by the trial court in its findings and conclusions. This assignment is overruled.

[2] In another assignment of error, defendant contends that the trial court erred in denying his motion to dismiss the first-degree rape charges. Defendant contends that the State failed to prove that vaginal intercourse had taken place or that defendant had employed or displayed a dangerous or deadly weapon as required by the statute. N.C. Gen. Stat. § 14-27.2 (1986) provides in pertinent part that:

(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

. . .

STATE v. GRIMES

[96 N.C. App. 489 (1989)]

(2) With another person by force and against the will of the other person, and:

a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon.

Upon defendant's motion for dismissal, the question for the trial court is whether there is substantial evidence of each element of the offense charged and of the defendant's being the perpetrator of the offense. If so, the motion is properly denied. *State v. Powell*, 299 N.C. 95, 261 S.E.2d 114 (1980). (Citations omitted.) The evidence is to be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom. Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. *Id.* (Citations omitted.)

In this case, the victim testified that defendant had sexual intercourse with her on the couch and later in the bedroom. This testimony was sufficient to allow the jury to draw the reasonable inference that defendant had vaginal intercourse with the victim. The evidence was clear that the intercourse was by force and against the will of the victim. Ms. Elliott's testimony that defendant threatened her with an open knife which she saw was sufficient to establish that defendant employed or displayed a dangerous or deadly weapon.

The trial court properly denied defendant's motion to dismiss the rape charges. This assignment is overruled.

[3] In a related assignment, defendant contends that the trial court erred in refusing to "consolidate" the rape charges. The evidence in this case showed two distinct acts of intercourse, both accomplished by force and over the repeated resistance of the victim. This was sufficient to support separate charges and convictions. *See State v. Dudley*, 319 N.C. 656, 356 S.E.2d 361 (1987) and *State v. Small*, 31 N.C. App. 556, 230 S.E.2d 425, *cert. denied*, 291 N.C. 715, 232 S.E.2d 207 (1977). This assignment is overruled.

[4] In another assignment of error, defendant contends that the trial court erred in failing to submit to the jury the lesser included offense of second-degree rape in the rape charges. As we have previously noted, the State's evidence in this case established all the constituent elements of first-degree rape. Defendant's contention under this assignment is that there was "substantial doubt"

that defendant employed or used a dangerous or deadly weapon. Any "doubt" on this issue was for the jury to resolve. There being no evidentiary basis on which to submit second-degree rape charges to the jury, the trial court properly denied defendant's request. This assignment is overruled.

Defendant has presented other arguments as to his rape convictions. We have carefully examined these arguments and have found them to be without sufficient merit to warrant discussion.

[5] Defendant has also assigned error to the trial court's denial of his motion to dismiss the charge of first-degree kidnapping. He correctly contends that a defendant cannot be convicted of both first-degree rape and first-degree kidnapping when the rape is used to prove an element of the kidnapping charge. *See, e.g., State v. Fisher*, 321 N.C. 19, 361 S.E.2d 551 (1987). The trial court in this case corrected this error by arresting judgment on the first-degree kidnapping conviction and properly entering judgment and sentencing defendant for second-degree kidnapping. *See State v. Mason*, 315 N.C. 724, 340 S.E.2d 430 (1986). This assignment is overruled.

We note that there has been included as an appendix to defendant's brief a *pro se* brief prepared by defendant. We do not condone such practice in cases where a defendant is represented by counsel who has submitted an appropriate brief. We also note that defendant's *pro se* brief does not present any questions or arguments not adequately present in the brief filed by his counsel.

No error.

Judges PHILLIPS and PARKER concur.