# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Stanley M. Carter

May 17, 1991

Case No. (Criminal) 90-354

By JUDGE JAY T. SWETT

On April 10, 1991, the defendant was found guilty of robbery, sodomy, statutory burglary and three counts of rape. The jury recommended a life sentence on each of the rape convictions, a life sentence on the sodomy conviction, a twenty-year sentence on the robbery conviction, and a ten-year sentence on the statutory burglary conviction. The defendant has moved to set aside the jury verdict regarding the three rape convictions. The attorneys for the commonwealth and for the defendant have presented excellent briefs on what appears to be a case of first impression in Virginia.

The evidence at trial disclosed the following events occurred early in the morning of September 26, 1990. The victim was one of five University of Virginia women students who lived together on Gordon Avenue. Each of the women had separate bedrooms. Two bedrooms were on the second floor, and three were on the first floor. The victim's bedroom was in the right front corner of the house. Around two o'clock a.m., the victim awoke and saw the defendant next to her bed removing his pants. He placed a knife at the victim's neck and told her not to move, to be quiet or he would hurt her. The defendant then raped her while holding a knife at her neck. After a while, to try and stop the defendant from continuing to rape her, she told

him that she had to go to the bathroom and threatened to wet the bed unless he let her up. At that point, the defendant got up, allowed the victim to get up and led her, with the knife on her neck, down the hall to the bathroom. The two of them then returned to the bedroom. The defendant told her to get on the bed, and he raped her again. After that, he forced the victim to commit sodomy by performing oral sex on him.

During this time, the victim and the defendant engaged in conversation. The victim, although frightened, was hoping to gain information about the defendant to enable her to aid in his eventual capture.

The victim testified that the defendant told her to sleep. The defendant stayed in her bedroom. The victim attempted to feign sleep. After about ten minutes, the defendant began to talk with her making statements such as he loved her, he wanted to be her guardian and asked if they could be friends. After what the victim testified was a "long conversation," he got on top of her again and raped her a third time. When this was over, the defendant found the victim's checkbook and forced her to write him a check which eventually became the predicate act for the robbery conviction. The defendant then left. He was captured shortly thereafter. The defendant did not testify at trial.

The defendant was initially charged with a single count of rape. After that charge was certified by the General District Court, the commonwealth sought two additional separate direct indictments for rape. In addition to the charges already cited, the defendant was charged with abduction. This count was dismissed at the end of the evidence.

Whether the facts here support one as opposed to three rape convictions depends on two considerations. The first is whether the double jeopardy clause of the Virginia and United States Constitutions prohibit multiple prosecutions for rape under these facts. The second is the construction of Va. Code § 18.2-61 to determine the legislature's intent in whether, under the facts here, three separate crimes have been committed warranting three separate punishments. As was stated earlier, there is no Virginia decision that sheds light on this issue.

The starting point is what appears to be the general rule in those jurisdictions where the issue has been decided. "Generally rape is not a continuous offense, but each act of intercourse constitutes a distinct and separate offense." *State v. Midyette*, 360 S.E.2d 507 (N.C. App. 1987) (quoting C.J.S. *Rape* § and *State v. Small*, 230 S.E.2d 425 (N.C. App. 1976). Those courts which have attempted to address the issue have encountered difficulty in determining an appropriate test to distinguish between what constitutes a single offense of rape and what constitutes multiple offenses. *Harrell v. State*, 277 N.W.2d 462 (Wis. App. 1979); *Vaughan v. State*, 614 S.W.2d 718 (Mo. App. 1981); *Lillard v. State*, 528 S.W.2d 207 (Tenn. 1975).

The most elaborate test found to date was developed by the Wisconsin Court of Appeals in *Harrell v. State, supra.* There, the Court developed a seven-factor analysis to determine whether the conduct constituted a single offense or multiple offenses. The seven factors included the nature of the act, the time, the place, the intent, the possibility of cumulative punishment, muscular contraction and the number of victims. While that seven-factor analysis is helpful in addressing the question, it does not necessarily make the task any easier.

It is this court's view that the answer is found by addressing the elements of rape. Stated simply, a rape occurs where one, by force, threat or intimidation, without the consent of the victim, engaged in the act of sexual intercourse. Sexual intercourse requires penetration. The inquiry is whether the evidence at trial supports a finding by the jury of the elements of three separate incidents of rape.

Without going over the testimony in detail, this court is satisfied that the evidence supports that the Virginia legislature envisioned that the conduct here supports three separate convictions of rape. For similar reasons, this court concludes that the double jeopardy clause does not preclude the three convictions.

The victim's testimony was that although she was in great fear during the two hours she was with the defendant, the evidence supports the fact that she was placed in fear not just continuously, but repeatedly and through separate actions of the defendant. When he raped her the

first time, he had the knife at her throat. The second rape occurred after he had taken the victim down the hall to the bathroom, returned, told her to get on the bed and to turn over. The third rape occurred after the act of sodomy and after he had told her to sleep. Clearly, the evidence supports three separate acts of penetration. The evidence supports that on each occasion, it was committed without her consent.

The cases relied upon by the defendant would support a finding of three separate rape offenses under these facts. In *State v. Midyette, supra*, the defendant was convicted of three counts of rape. The facts there are similar to those here. Immediately after entering the victim's home, the defendant forcibly engaged in sexual intercourse in the living room. When the defendant became uncomfortable, he told the victim to stand up and pushed her down the hall into the bedroom. He pushed her onto the bed and penetrated her again. When the victim complained that he was hurting her, he pushed her over and penetrated her a third time. In *State v. Small, supra*, the defendant was convicted of two counts of rape. The first occurred when the defendant accosted the victim at three o'clock in the morning as she walked along a street. The defendant dragged the victim into the bushes and raped her. After that, in hopes that she could lure the defendant to a friend's apartment to get aid, the two began to walk to the friend's apartment. Before they arrived, the defendant dragged the victim into other bushes and raped her again. In *Harrell v. State, supra*, the defendant was convicted on two counts of rape. The first occurred after the defendant accosted the victim as she unlocked the door to her apartment building. At gunpoint the defendant forced the victim to go to the basement where he raped her. After twenty to twenty-five minutes of conversation, he raped her a second time in the basement. Both times he held a gun to her head. After much discussion, including the development of the seven-factor analysis described earlier, the Court of Appeals of Wisconsin sustained the two convictions.

This court is satisfied that the jury was justified in finding the defendant guilty of three separate acts of rape. The defendant's motion to set aside the jury verdict is denied.