STATE OF NORTH CAROLINA v. TOBY LEONARD

No. COA10-1387

(Filed 19 July 2011)

**1. Motor Vehicles— felonious serious injury by motor vehicle— proximate cause of injury—not exclusive**

The trial court did not err by denying defendant's motion to dismiss the charge of felonious serious injury by motor vehicle where defendant contended that there was insufficient evidence that impaired driving was the proximate cause of the injury. Impaired driving need not be the only proximate cause of the victim's injury for the defendant to be found criminally liable.

**2. Indictment and Information— felonious operation of motor vehicle to elude arrest—reckless driving as aggravating factor—information sufficient**

The body of an indictment for felonious operation of a motor vehicle to elude arrest with reckless driving as an aggravating

STATE v. LEONARD

[213 N.C. App. 526 (2011)]

factor was sufficient to provide defendant with enough information to prepare a defense.

**3. Constitutional Law— right to confrontation— no objection at trial on constitutional grounds— no plain error**

There was no plain error where defendant objected to an affidavit at trial but not on Confrontation Clause grounds. Even assuming that the affidavit violated defendant's right to confrontation, there was ample evidence to find the two aggravating factors needed to enhance the charge from a misdemeanor to a felony. The exclusion of the affidavit would not have altered the jury's verdict.

Appeal by defendant from judgments entered 11 June 2010 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 11 April 2011.

*Roy Cooper, Attorney General, by Kimberley A. D'Arruda, Assistant Attorney General, for the State.*

*Robert W. Ewing, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant was indicted for one count of Driving While Impaired, one count of Assault with a Deadly Weapon Inflicting Serious Injury, one count of Felonious Serious Injury By Motor Vehicle, one count of Felonious Operation of a Motor Vehicle to Elude Arrest, one count of Misdemeanor Hit and Run, and having attained habitual felon status.

The evidence at trial tended to show that at approximately 10:00 p.m. on 16 January 2009, defendant was at his home drinking alcohol. At some point during the evening, he went to his girlfriend's mother's apartment and a physical altercation occurred between defendant and his girlfriend's family. Police were called and the family attempted to hold defendant down until they arrived. Defendant, however, broke loose, got into his vehicle, and ran his vehicle into his girlfriend's vehicle before he "zoomed" out of the parking lot.

Raleigh Police Officer A.B. Smith was responding to the 911 call about the altercation, when he observed a vehicle, later determined to be driven by defendant, coming through an intersection dragging its bumper. Having heard that the incident to which he was responding involved two vehicles "ramming" each other, Officer Smith suspected that the vehicle might have been involved in the altercation and he

began to follow it. Officer Smith activated his blue lights and defendant slowed and began to pull to the right. However, defendant then pulled back to the left and maintained a consistent speed. Officer Smith activated his siren. Defendant then accelerated rapidly and proceeded through a red traffic light at an intersection at approximately 55 miles per hour. The posted speed limit was 35 miles per hour.

At the same time, David Jones was driving north through the same intersection with passengers Danielle Bowder and Mario Smith. Defendant crashed his vehicle into the driver's side back seat of Mr. Jones' vehicle. After the vehicles came to a rest, defendant fled the scene of the accident on foot. Officer Smith pursued defendant and took him into custody at a Food Lion grocery store approximately 35 yards away from the accident.

Officer T.D. Hurst responded to Officer Smith's radio call after the collision. At the scene, he observed that defendant was having difficulty standing, was unsteady on his feet, and smelled strongly of alcohol. Defendant also vomited on the side of the police vehicle and the vomit smelled strongly of alcohol. Once placed inside the backseat of the police vehicle, defendant fell asleep. Officer Hurst testified to his opinion that defendant "had consumed a sufficient quantity of an impairing substance so as to appreciably inhibit his mental and physical capacities." Defendant's blood alcohol concentration was measured at .10, to which he later stipulated at trial.

Both defendant's and Mr. Jones' vehicles were badly damaged in the collision. Mr. Jones, Mr. Smith, and defendant were transported to the hospital. Mr. Jones was diagnosed with a contusion to his face, laceration on his left forearm, and a left shoulder sprain. He was discharged with pain medication, anti-inflammatory medication, and muscle relaxants. Mr. Smith was diagnosed with a left clavicle fracture, a left C-7 transverse process fracture, and a small renal contusion. He spent one day at the hospital and was prescribed pain medication and ongoing physical therapy.

At trial, the State introduced, over objection, letters sent from the North Carolina Division of Motor Vehicles to defendant notifying him that his license was revoked. The State also introduced an affidavit written by an employee at the North Carolina Department of Motor Vehicles ("DMV") stating that the originals of the notification letters were "deposited by [her] in the United States mail on the mail date of the attached order in an envelope, postage paid, addressed as appears thereon, which address is shown by the records of the Division as the address of the person named on the document."

STATE v. LEONARD

[213 N.C. App. 526 (2011)]

At the close of the State's evidence, defendant moved to dismiss all charges. The trial court allowed the motion to dismiss the charges of Assault with a Deadly Weapon Inflicting Serious Injury, but denied the motion as to the remaining charges. Defendant did not present any evidence and renewed his motions to dismiss. The motions were denied. The jury returned verdicts finding defendant guilty of one count of Driving While Impaired, one count of Felonious Serious Injury By Motor Vehicle, one count of Felonious Operation of a Motor Vehicle to Elude Arrest, and one count of Misdemeanor Hit and Run. Defendant then entered a plea of guilty to having attained habitual felon status. The trial court arrested judgment on the Driving While Impaired conviction due to defendant's conviction of Felonious Serious Injury by Motor Vehicle. The court consolidated all of the offenses for judgment and sentenced defendant to a a minimum of 136 months and a maximum of 173 months in the custody of the North Carolina Department of Correction. Defendant appeals.

---

Defendant challenges his convictions on a number of grounds. He first argues that the trial court erred by denying his motion to dismiss the charge of Felonious Serious Injury by Motor Vehicle. He also challenges the enhancement of his conviction for Operation of a Motor Vehicle to Elude Arrest from a misdemeanor to a Class H felony. We find no error.

I.

[1] Defendant first contends the trial court erred in denying his motion to dismiss the charge of Felonious Serious Injury By Motor Vehicle. We disagree.

Upon a defendant's motion for dismissal, the trial court must determine whether there is substantial evidence of each essential element of the offense charged. *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). If substantial evidence is present, the motion to dismiss is properly denied. *State v. Bullard*, 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984). "The evidence is to be considered in the light most favorable to the State and the State is entitled to every reasonable inference that might be drawn therefrom." *State v. Jackson*, 75 N.C. App. 294, 297, 330 S.E.2d 668, 669 (1985) (citing *State v. Witherspoon*, 293 N.C. 321, 237 S.E.2d 822 (1977)).

STATE v. LEONARD

[213 N.C. App. 526 (2011)]

To establish the offense of Felonious Serious Injury by Motor Vehicle, the State must prove that the defendant (1) unintentionally caused serious injury to another, (2) was engaged in the offense of impaired driving under N.C.G.S. § 20-138.1 or N.C.G.S. § 20-138.2, and (3) the commission of the offense under subdivision (2) was the proximate cause of the serious injury. N.C. Gen. Stat. § 20-141.4(a3) (2009).

Defendant does not challenge that he unintentionally caused serious injury to Mr. Smith or that he violated N.C.G.S. § 20-138.1. Rather, defendant contends there was insufficient evidence as to the third element. He argues that his own willful action in attempting to elude arrest was the proximate cause of Mr. Smith's injuries and not his impaired driving. We disagree.

> Proximate cause is a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed. Foreseeability is an essential element of proximate cause. This does not mean that the defendant must have foreseen the injury in the exact form in which it occurred, but that, in the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected.

State v. Powell, 336 N.C. 762, 771-72, 446 S.E.2d 26, 31 (1994) (citations omitted) (quoting Williams v. Boulerice, 268 N.C. 62, 68, 149 S.E.2d 590, 594 (1966)).

Defendant's violation of N.C.G.S. § 20-138.1, which prohibits drivers from operating motor vehicles while under the influence of impairing substances, need not be the only proximate cause of a victim's injury in order for defendant to be found criminally liable; a showing that defendant's action of driving while under the influence was one of the proximate causes is sufficient. See State v. Hollingsworth, 77 N.C. App. 36, 39, 334 S.E.2d 463, 465 (1985). Therefore, even if defendant's willful attempt to elude arrest was a cause of Mr. Smith's injury, defendant's driving under the influence could also be a proximate cause.

Here, looking at the evidence in the light most favorable to the State, with all reasonable inferences drawn in the State's favor, see Jackson, 75 N.C. App at 297, 330 S.E.2d at 669, there was substantial evidence to support a finding that defendant's impaired state was a

proximate cause of Mr. Smith's serious injury. A man of ordinary prudence could have foreseen an accident resulting from drinking and driving. The jury could reasonably find from the evidence that defendant was consuming alcohol on the evening of 16 January 2009, that he then got into an altercation with his girlfriend and her family, got into his vehicle, drove it into his girlfriend's car, refused to pull over for the police, drove the car faster than the speed limit, and proceeded through a red traffic light and collided with the victim's vehicle. Both Officers Smith and Hurst testified that defendant appeared impaired. Officer Hurst testified that defendant had a strong odor of alcohol, vomited, and had difficulty standing. At trial, defendant stipulated to a blood alcohol concentration of .10, which is over the legal driving limit. *See* N.C. Gen. Stat. § 20-138.1 (2009) (defining the offense of impaired driving as driving "[a]fter having consumed sufficient alcohol that [a person] has, at any relevant time after the driving, an alcohol concentration of 0.08 or more"). Therefore, we hold there was evidence upon which the jury could find that the defendant's intoxication was a proximate cause of Mr. Smith's injuries; and thus, the trial court properly denied defendant's motion to dismiss based on insufficiency of the evidence.

## II.

[2] Defendant next challenges his conviction for Felonious Operation of a Motor Vehicle to Elude Arrest. It is a Class 1 misdemeanor "for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties." N.C. Gen. Stat. § 20-141.5(a) (2009). However, the offense is elevated to a Class H felony when at least two of eight different aggravating factors are present. N.C. Gen. Stat. § 20-141.5(b). Those aggravating factors include:

(1) Speeding in excess of 15 miles per hour over the legal speed limit.

(2) Gross impairment of the person's faculties while driving due to:

a. Consumption of an impairing substance; or

b. A blood alcohol concentration of 0.14 or more within a relevant time after the driving.

(3) Reckless driving as proscribed by G.S. 20-140.

(4) Negligent driving leading to an accident causing:

a. Property damage in excess of one thousand dollars ($1,000); or

b. Personal injury.

(5) Driving when the person's drivers license is revoked.

(6) Driving in excess of the posted speed limit, during the days and hours when the posted limit is in effect, on school property or in an area designated as a school zone pursuant to G.S. 20-141.1, or in a highway work zone as defined in G.S. 20-141(j2).

(7) Passing a stopped school bus as proscribed by G.S. 20-217.

(8) Driving with a child under 12 years of age in the vehicle.

*Id.*

Defendant does not challenge that at least one aggravating factor was present; the jury found him guilty of Felonious Serious Injury of Mario Smith by Motor Vehicle. *See* N.C. Gen. Stat. § 20-141.5(b)(4). Rather, he argues that the indictment was facially invalid as it failed to sufficiently allege the presence of another aggravating factor, reckless driving, *see* N.C.G.S. § 20-141.5(b)(3), in that the indictment does not specify the manner in which he recklessly drove. He also argues that the State, when presenting evidence that he had been notified of his driver's license revocation, in order to prove a third aggravating factor, Driving While License Revoked, *see* N.C.G.S. § 20-141.5(b)(5), violated his constitutional rights under the Confrontation Clause.

A.

Indictments must "express the charge against the defendant in a plain, intelligible, and explicit manner," N.C. Gen. Stat. § 15-153 (2009), and "must allege all of the essential elements of the crime sought to be charged." *State v. Westbrooks*, 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996) (citing *State v. Courtney*, 248 N.C. 447, 451, 103 S.E.2d 861, 864 (1958)).

The purpose of an indictment is at least twofold: First, to make clear the offense charged so that the investigation may be confined to that offense, that proper procedure may be followed, and applicable law invoked; second, to put the defendant on reasonable notice so as to enable him to make his defense.

*State v. Gregory,* 223 N.C. 415, 420, 27 S.E.2d 140, 143 (1943). "When these purposes are served, the functions of the indictment are not so impaired by the omission of subordinate details"—in this case, specifically, how defendant was driving recklessly—"as to necessitate an abruption of the judicial investigation in which, if it is allowed to proceed, the questioned condition may be made clear and the rights of the accused protected by the application of legal standards." *Id.*

The indictment at issue states in its entirety:

> The jurors for the State upon their oath present that on or about the [sic] January 16, 2009, in Wake County, the defendant named above unlawfully, willfully, and feloniously did operate a motor vehicle on a public street or highway, Calvary Dr, Raleigh, NC while fleeing and attempting to elude a law enforcement officer, A.B. Smith, an officer with the Raleigh Police Department, who was in the lawful performance of his duties, to wit: performing a traffic stop. At the time of the violation four (4) statutory aggravating factors were present to wit: (1) the defendant was driving recklessly in violation of N.C.G.S. 20-140, (2) the defendant was driving while the defendant's driver's license was revoked, (3) negligent driving leading to an accident causing property damage in excess of $1,000.00 and (4) negligent driving leading to an accident causing personal injury. The defendant's actions were in violation of N.C.G.S. 20-141.5(b).

Defendant's indictment tracks the relevant language of the Felony Speeding to Elude Arrest statute and lists the essential elements of the offense. *See State v. Penley,* 277 N.C. 704, 707-08, 178 S.E.2d 490, 492 (1971) ("An indictment for a statutory offense is sufficient, as a general rule, when it charges the offense in the language of the statute.") (citing *State v. Hord,* 264 N.C. 149, 157, 141 S.E.2d 241, 246 (1965); *State v. Sossamon,* 259 N.C. 374, 376, 130 S.E.2d 638, 639 (1963); *State v. Wells,* 259 N.C. 173, 176, 130 S.E.2d 299, 302 (1963)). The body of the indictment provided defendant with enough information to prepare a defense for the offense of Felony Speeding to Elude Arrest with Reckless Driving as an aggravating factor. Accordingly, this issue on appeal is without merit.

B.

[3] In order to prove another aggravating factor, driving while his license was revoked, *see* N.C. Gen. Stat. 20-141.5(b)(5), the State must

prove that defendant had knowledge of his license suspension or revocation. *See State v. Funchess,* 141 N.C. App. 302, 310-11, 540 S.E.2d 435, 440 (2000). Defendant argues that the trial court violated his constitutional rights under the Confrontation Clause when it allowed testimony and the admission of an affidavit from an employee at the DMV establishing that notice had been sent informing him that his license was revoked.

However, "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1). "Constitutional issues, which are not raised and ruled upon at trial, will not be considered for the first time on appeal." *State v. Ellis,* —— N.C. App. ——, ——, 696 S.E.2d 536, 539 (2010) (citing *State v. Lloyd,* 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001)).

Defendant did object to the DMV employee's affidavit at trial, but the context does not, as defendant urges us to conclude, indicate that his objections were based upon constitutional grounds. The following exchange took place at trial:

Q. Officer Smith, are you familiar with the process of, as a law enforcement officer investigating the status of an individual's driver's license, whether or not they're eligible for a licensed revoked or whatnot?

A. I am.

MR. SIMMONS: Can we approach, Judge?

THE COURT: Sure.

(A bench conference was held which was not reported)

THE COURT: The Defendant, through counsel, objects to the documents that you made reference to.

You may mark them.

Objection is overruled.

. . . .

MR. WALLER: Officer Smith, I'm approaching you with what has been marked for the identification as State's Exhibit 5. Take a look at these documents and tell me if you recognize those in

terms of your experience with investigating the status of individual's license.

A. This looks like a notification from the Division of Motor Vehicles addressed to Mr. Leonard.

. . . .

Q. Okay. And anything about those documents appear out of the ordinary based on your normal course of business as a police officer?

A. No, they don't.

. . . .

MR. WALLER: Your Honor, I'd ask to introduce State's Exhibits 5 and 6 as certified public documents.

MR. SIMMONS: Objection, Your Honor.

THE COURT: Let me see it.

Objection overruled. Let the items be received.

As such, because the record does not affirmatively disclose that defendant objected to the documents on constitutional grounds, we will only review for plain error. "We reverse for plain error only in the most exceptional cases . . . and only when we are convinced that the error was either a fundamental one resulting in a miscarriage of justice or one that would have altered the jury's verdict." *State v. Locklear*, 363 N.C. 438, 449, 681 S.E.2d 293, 303 (2009) (citing *State v. Garcell*, 363 N.C. 10, 35-36, 678 S.E.2d 618, 634-35, *cert. denied*, —— U.S. ——, 175 L. Ed. 2d 362 (2009)). Even assuming, without deciding, that the DMV employee's affidavit violated defendant's right to confrontation, no miscarriage of justice occurred here and the exclusion of the affidavit would not have altered the jury's verdict. The jury had ample evidence before it to find two aggravating factors were present so as to enhance defendant's Driving to Elude Arrest conviction to a Class H felony. N.C. Gen. Stat. § 20-141.5(b).

In its closing argument, the State urged the jurors to consider the following three statutory aggravating factors: reckless driving, negligent driving leading to an accident causing personal injury, or driving when the defendant's drivers license is revoked. N.C. Gen. Stat. § 20-141.5(b). The jury only had to find that "two or more" of those three factors were present in order to elevate the offense to a Class H felony. *Id.*

Ample evidence was presented to support a jury's finding that defendant's negligent driving led to an accident causing personal injury—in fact, the jury found defendant guilty of Felonious Serious Injury of Mario Smith by Motor Vehicle. Additionally, at trial, testimony was offered supporting a finding that defendant drove recklessly. As he was fleeing from Officer Smith in a 35-mile-per-hour speed zone, he approached a red traffic light, further accelerated to a speed of approximately 55 miles per hour, and drove illegally through the intersection.

This evidence is sufficient to support a finding that at least two aggravating factors were present. Therefore, any error which may or may not have resulted from the State's introduction of the DMV employee's affidavit clearly did not result in prejudice to defendant.

No Error.

Judges ELMORE and GEER concur.