DILLON, Judge.
Defendant Richard Anthony Altman appeals from the trial court's judgment entering a jury verdict convicting him of felony death by vehicle and impaired driving. After thorough review, we find no error in the jury's verdict, but vacate the conviction and sentence for impaired driving because it is a lesser-included offense of felony death by vehicle.
I. Background
This case arises from a motor vehicle accident on River Road in Chowan County. The evidence presented at trial tended to show as follows:
On 30 August 2014, Defendant and his two sons attended a pig picking. Defendant was seen drinking alcohol at the event. Around 7:00 p.m., Defendant and his sons left the event in a red truck and approached a curve in River Road. A tractor driven by a Mr. McMullen approached the curve from the opposite direction. As Defendant neared the curve, he swerved into the tractor's lane. The tractor swerved into Defendant's lane. Defendant then swerved swiftly back into his own lane, causing his truck to flip multiple times and land in a field neighboring the road.
Defendant's older son crawled out from under the truck and began walking around the field. Defendant's younger son was pinned under the truck and later died at the scene. When paramedics arrived, Defendant was uncooperative and belligerent, and eventually had to be airlifted to a hospital in Virginia. Paramedics reported smelling alcohol on Defendant and hearing Defendant admit to drinking.
Defendant was charged with a number of crimes associated with the accident. At the close of the State's evidence and again at the close of all the evidence, Defendant made motions to dismiss all charges against him. The trial court denied the motion each time.
The jury convicted Defendant of involuntary manslaughter, felony death by motor vehicle, and driving while impaired. The trial court arrested judgment on involuntary manslaughter and entered judgment on the remaining two offenses. The trial court sentenced Defendant separately for death by motor vehicle and for driving while impaired, with each sentence running consecutively.
Defendant gave notice of appeal in open court.
II. Analysis
Defendant brings a number of arguments challenging each of his convictions, as well as the sentences entered upon them. We address each argument in turn.
A. Admissibility of Medical Records
Defendant first contends that the trial court erred in admitting hospital records detailing his blood alcohol content (BAC) following the accident. Defendant failed to object at trial when the State offered a disc containing the hospital records into evidence. Therefore, we review only for plain error, to determine whether a fundamental error occurred which had a probable impact on the jury's decision. State v. Maddux , --- N.C. ----, ----, 819 S.E.2d 367, 370-71 (2018).
Prior to trial, the State acquired a compact disc containing Defendant's hospital records created by the hospital in the course of his treatment following the accident, along with an affidavit from the hospital's custodian of records affirming the authenticity of the records. After a pre-trial hearing on the matter, the trial court determined that a page from the records detailing the results of a test on Defendant's blood was admissible. The State introduced into evidence and published to the jury a page stating "Results for orders placed during the hospital encounter of 8/30/14 (from the past 24 hour(s)) ... ETHANOL SERUM 0.21[.]"
Out-of-court statements offered for the truth of the matter asserted within them are generally inadmissible as "hearsay." N.C. Gen. Stat. § 8C-1, Rules 801, 802 (2017). A business record is admissible as an exception to hearsay where it is made (1) at or near the time (2) by a person with knowledge (3) following the regular practice of the business and (4) kept in the regular course of business. N.C. Gen. Stat. § 8C-1, Rules 803(6) (2017). Business records must be supported by the testimony or affidavit of their custodian, or another qualified individual. Id. ; N.C. Gen. Stat. § 8C-1, Rule 902 (2017). "Notwithstanding any other provision of law, if a person is involved in a vehicle crash ... [a] certified copy of identifiable health information, if relevant, shall be admissible in any hearing or trial without further authentication." N.C. Gen. Stat. § 90-21.20B(a1), (c) (2017).
Defendant contends, specifically, that the affidavit offered in support of the hospital records does not satisfy the test for a business record's admissibility nor establish its authenticity. The parties each cite to our Supreme Court's decision in State v. Drdak , and we find that case instructive here.
In Drdak , the State did not order a test of the defendant's blood following a car accident, but later acquired the results of a routine blood test performed when the defendant was admitted to the hospital. State v. Drdak , 330 N.C. 587, 591, 411 S.E.2d 604, 607 (1992). Our Supreme Court held that the test results were admissible to show the defendant's BAC because the test was ordered less than an hour after the accident, trained and experienced staff conducted the test using reliable equipment pursuant to routine procedure, and the test was then added to the defendant's medical records to aid diagnosis and treatment. Drdak , 330 N.C. at 592, 411 S.E.2d at 607-08.
While the affidavit in this case does not rise to the same level of specificity as was testified to in Drdak , we cannot say that the trial court committed reversible error in allowing the medical records into evidence. The hospital ordered Defendant's blood tests as soon as he arrived at the hospital under its ordinary patient intake procedures. Those tests were then processed by medical personnel and the results were added to Defendant's records to assist in his treatment. The affidavit accompanying the records attests that they were "prepared and maintained in the ordinary course of business by authorized persons or personnel ... at or near the time of the ... events described in such records." The number corresponding to Defendant's blood ethanol level "constitute[s] a record made in the usual course of business, made contemporaneously with the events and recorded by one with authority to do so before litigation arose." State v. Miller , 80 N.C. App. 425, 429, 342 S.E.2d 553, 556 (1986). "This evidence meets the requirements necessary to provide a proper foundation for the admission of the blood alcohol test results." Drdak , 330 N.C. at 592, 411 S.E.2d at 607-08.
Defendant also contends that it was improper for the State to use the custodian's affidavit without giving advance notice of its intent to do so. N.C. Gen. Stat. § 8C-1, Rule 803(6) ("[T]he proponent of that evidence shall give advance notice to all other parties of intent to offer the evidence with authentication by affidavit."). However, the record shows that the State served Defendant with notice of its intent to use the affidavit and filed the notice of intent with the court more than four weeks before the trial.
In conclusion, based on the foregoing, we cannot say that the trial court committed plain error by failing to exclude the hospital records.
B. Insufficiency of the Evidence
Defendant makes multiple arguments assigning error to the trial court's denial of his motion to dismiss the charges against him. When deciding a motion to dismiss, the trial court is to determine whether, as a matter of law and in the light most favorable to the State, there is "substantial evidence of each essential element of the crime and that the defendant is the perpetrator." State v. Chekanow , 370 N.C. 488, 492, 809 S.E.2d 546, 549 (2018) (citation omitted). "Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to dismiss de novo." State v. Melton , --- N.C. ----, ----, 821 S.E.2d 424, 428 (2018).
i. Driving While Impaired
To obtain a conviction for driving while impaired, the State must show that the defendant drove his vehicle:
(1) while under the influence of an impairing substance; or
(2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more.
....
N.C. Gen. Stat. § 20-138.1(a) (2013).
We conclude that the State presented substantial evidence as to this charge. First, the State presented substantial evidence that Defendant was under the influence of an impairing substance at the time of the accident. Defendant was seen consuming alcohol at the pig picking. Defendant's older son stated that there had been alcohol at the pig picking. Defendant sped into the curve on River Road with his children in the vehicle, swerved and was unable to control the truck before it flipped. Beer cans, full and empty, were discovered at the scene of the accident. The paramedics who treated Defendant following the accident stated that his behavior was uncooperative, that he smelled strongly of alcohol, and that Defendant admitted to drinking "a lot."
The officer who visited Defendant at the hospital stated that the room still smelled of alcohol, and Defendant's bloodwork showed he had a BAC of 0.21. The officer observed the scene of the accident and opined that the skid marks on the road evinced that Defendant swerved multiple times, including before he came within an appreciable distance of the tractor on the other side of the road.
Defendant cites to precedent that consumption of alcohol, State v. Parisi , 135 N.C. App. 222, 224, 519 S.E.2d 531, 533 (1999), and smelling of alcohol, State v. Harrington , 78 N.C. App. 39, 45, 336 S.E.2d 852, 855 (1985), "alone" are not substantial evidence of impairment. But this evidence, considered together, and the other evidence presented was sufficient to allow a jury to make the final call on this issue.
Second, the page from Defendant's hospital records, supported by the custodian's affidavit, constitutes substantial evidence of Defendant's BAC at a relevant time after the accident. "The results of a chemical analysis shall be deemed sufficient evidence to prove a person's alcohol concentration[.]" N.C. Gen. Stat. § 20-138.1(a)(2) (2017). The results of Defendant's bloodwork showed his ethanol serum levels, and thus his BAC, were 0.21, nearly three times the statutory threshold of 0.08.
We conclude that the State presented substantial evidence of each prong of driving while impaired under Section 20-18.1(a).
ii. Felony Death by Vehicle
Under Section 20-141.4 of the North Carolina General Statutes, a person is guilty of felony death by vehicle where:
(1) The person unintentionally causes the death of another person,
(2) The person was engaged in the offense of impaired driving under G.S. 20-138.1..., and
(3) The commission of [driving while impaired] is the proximate cause of the death.
N.C. Gen. Stat. § 20-141.4(a1) (2013).
Defendant asserts that the evidence was insufficient to show the second and third elements of the crime, that he was engaged in driving while impaired and that such behavior was the proximate cause of the death of his younger son. As discussed above, we conclude that there was substantial evidence to support the second element, that he was driving while impaired.
We also conclude that the State presented substantial evidence from which a juror could reasonably conclude that driving while impaired was a proximate cause of the death of Defendant's younger son. A "[p]roximate cause is a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed." State v. Powell, 336 N.C. 762, 771-72, 446 S.E.2d 26, 31 (1994). To establish the offense of felony death by vehicle, impaired driving may be just one of multiple proximate causes:
Defendant's violation of N.C.G.S. § 20-138.1, which prohibits drivers from operating motor vehicles while under the influence of impairing substances, need not be the only proximate cause of a victim's injury in order for defendant to be found criminally liable; a showing that defendant's action of driving while under the influence was one of the proximate causes is sufficient.
State v. Leonard , 213 N.C. App. 526, 530, 711 S.E.2d 867, 871 (2011).
Defendant points to evidence that negligence on the part of Mr. McMullen, the driver of the tractor, was the proximate cause of the accident. The tractor ran off the road and then traveled back onto the road. Mr. McMullen stated that if his tractor had not been there, the accident "wouldn't have turned out the way it had been." Mr. McMullen also testified to the dangerous nature of the curve, stating that many accidents had occurred there. Defendant's older son testified that the tractor swerved into their lane.
But the evidence also showed that Defendant was drinking prior to driving that evening. Witnesses testified to having seen Defendant consuming alcohol at the pig picking. Mr. McMullen stated that he observed the truck swerving before it entered the curve. The paramedics who attended to Defendant after the accident attested that he was belligerent, smelled strongly of alcohol, and admitted multiple times to have been drinking "a lot." And the officer who visited Defendant at the hospital stated that the hospital room smelled of alcohol.
Taking the evidence in the light most favorable to the State, a reasonable person could conclude that the death of Defendant's younger son was proximately caused by Defendant's impaired driving. A reasonable juror could determine that Defendant's drinking led to speeding, causing him to lose control of the truck and to flip the truck into the field. Though the curve in River Road may be particularly dangerous, a reasonable mind could conclude that Defendant's impairment contributed to his inability to control the truck under dangerous circumstances. The presence of the tractor may have been a contributing factor, but it does not foreclose the impact of Defendant's impairment as a proximate cause. Leonard , 213 N.C. App. at 530, 711 S.E.2d at 871.
We conclude that the trial court did not err in denying Defendant's motion to dismiss.
C. Alternative Jury Charges
In its charge to the jury, the trial court stated that the jury could find Defendant guilty of driving while impaired if it found Defendant satisfied either prong of Section 20-138.1(a) : (1) having a BAC of 0.08 or more or (2) otherwise having been under the influence of an impairing substance. N.C. Gen. Stat. § 20-138.1(a) (2013). Defendant argues specifically that, because there was insufficient evidence that his BAC was at least 0.08, providing both prongs in the jury charges was error. Defendant contends that, because we do not know which prong the jury based its verdict on, he is entitled to a new trial. Further, Defendant argues that there was insufficient evidence for the felony death by vehicle charge, as well, because it required proof that Defendant was driving while impaired.[1]
We must note that Defendant wholly bases his argument on State v. Fowler , a recent decision from our Court stating that, where one theory was improperly presented and we cannot discern on which theory the jury based its verdict, the error "entitles Defendant to a new trial." State v. Fowler , --- N.C. App. ----, ----, 800 S.E.2d 724, 730 (2017). Our Court's decision in Fowler has since been reversed in light of our Supreme Court's decision in State v. Malachi . See State v. Fowler , --- N.C. ----, ----, 821 S.E.2d 165 (2018). In Malachi , our Supreme Court rejected the "automatic reversal rule" under these circumstances and held that we should instead proceed with a harmless error analysis when confronted with unsupported and improper jury instructions. State v. Malachi , --- N.C. ----, ----, 821 S.E.2d 407, 422 (2018).
In any event, as discussed in Section II.B above, we conclude that there was sufficient evidence of both prongs to submit to the jury. Therefore, it was proper to charge the jury with both prongs and Defendant's arguments are without merit.
D. Witness Testimony
Defendant also argues that the trial court erred by refusing to allow one of his witnesses to testify altogether. The trial court sustained the State's objections based on relevance and character evidence.
All evidence that has any tendency to make a fact of consequence more or less probable is relevant, and all relevant evidence is generally admissible. State v. Lane , 365 N.C. 7, 27, 707 S.E.2d 210, 223 (2011) ; N.C. Gen. Stat. § 8C-1, Rule 401 (2017). However, Rule 608(b) of our Rules of Evidence states that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility ... may not be proved by extrinsic evidence." N.C. Gen. Stat. § 8C-1, Rule 608(b) (2017). A witness's past conduct may only be introduced by questioning the witness during cross-examination, and only if it is probative of the witness's character for truthfulness. State v. Morgan , 315 N.C. 626, 634, 340 S.E.2d 84, 89 (1986) ; N.C. Gen. Stat. § 8C-1, Rule 608(b). "A trial court's rulings on relevancy are technically not discretionary, though we accord them great deference on appeal." Lane , 365 N.C. at 27, 707 S.E.2d at 223. We review a trial court's decision on the admissibility of character evidence for an abuse of discretion. State v. Bishop , 346 N.C. 365, 391, 488 S.E.2d 769, 783 (1997).
At trial, the State called Mr. McMullen to testify regarding the events immediately prior to the accident. Mr. McMullen testified that the curve was dangerous and that the presence of his tractor was likely a factor in Defendant's decision to abruptly swerve back into his own lane and ultimately flip the truck. Defendant attempted to call an acquaintance of Mr. McMullen, a Mr. Anderson, as a witness to speak about Mr. McMullen's driving history and his own personal experiences with Mr. McMullen. After undergoing voir dire , the trial court refused to allow Mr. Anderson to testify for Defendant.
Here, Mr. Anderson's testimony was likely relevant, as it tended to shed some light on Mr. McMullen's behaviors and the circumstances surrounding and leading to the accident. However, the trial court's voir dire showed that the only testimony Mr. Anderson intended to give would amount to impermissible character evidence of a witness under Rule 608(b). In any case, Defendant was allowed the opportunity to question Mr. McMullen on cross-examination as to his past drug use, his driving history on River Road, and statements made to others concerning the accident. The jury heard and observed the witness's responses, and was able to use them to determine his credibility. The purpose of Mr. Anderson's proposed testimony was to serve as an extrinsic source of additional evidence to diminish the credibility of Mr. McMullen. Further, Mr. Anderson intended to provide testimony that Mr. McMullen's driving history indicated that he was likely the cause of the accident. Such testimony is not probative of Mr. McMullen's character for truthfulness and is also not admissible under Rule 608(b). Morgan , 315 N.C. at 634, 340 S.E.2d at 90 ("[T]he only character trait relevant to the issue of credibility is veracity or the lack of it. The focus, then, is upon whether the conduct sought to be inquired into is of the type which is indicative of the actor's character for truthfulness or untruthfulness.").
We hold the trial court did not abuse its discretion in refusing to allow Mr. Anderson to testify.[2]
E. Merger of Sentences
Lastly, Defendant contends that, because driving while impaired is a lesser-included offense of felony death by vehicle, his sentences should have merged. The State concedes this issue and agrees that the trial court's entry of individual, consecutive sentences for both death by vehicle and driving while impaired was improper. We agree.[3]
Indeed, "[u]nder N.C. Gen. Stat. § 20-141.4(a1), driving while impaired is a lesser included offense of felony death by vehicle. Upon conviction of felony death by vehicle the lesser offense merges into the greater." State v. Richardson, 96 N.C. App. 270, 272, 385 S.E.2d 194, 195 (1989). "Thus, it is error to sentence a defendant both for felony death by vehicle and the lesser included offense of driving while impaired." State v. Davis , 198 N.C. App. 443, 452, 680 S.E.2d 239, 246 (2009) (internal citation omitted). Therefore, we vacate the judgment against Defendant for driving while impaired.
III. Conclusion
We hold that Defendant received a fair trial, free from reversible error. However, as driving while impaired is a lesser-included offense of felony death by vehicle, his two convictions should have necessarily merged. We, therefore, vacate Defendant's conviction for driving while impaired.
NO ERROR IN PART. VACATED IN PART.
Report per Rule 30(e).
Judges MURPHY and ARROWOOD concur.

Engagement in the offense of driving while impaired is an element of felony death by vehicle. See Section II.B.ii, above.

Defendant also alleges that his trial counsel provided ineffective assistance of counsel by not also objecting to the trial court's refusal to allow Mr. Anderson to testify on federal and State constitutional grounds. State v. Fair , 354 N.C. 131, 149, 557 S.E.2d 500, 515 (2001) (quoting Chambers v. Mississippi, 410 U.S. 284, 294 (1973) ) ("The right[ ] ... to call witnesses in one's own behalf [has] long been recognized as essential to due process."). A claim for ineffective assistance of counsel requires proof that (1) the counsel's performance was deficient and (2) that counsel's error was so prejudicial as to deprive the defendant of a fair, reliable trial. Strickland v. Washington , 466 U.S. 668, 687 (1984) ; State v. Braswell , 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985).
Were we to assume, arguendo , that Defendant's counsel's failure to appeal on constitutional grounds was deficient, we could not say that such failure was prejudicial. Appealing on constitutional grounds would not have overcome Rule 608(b)'s exclusion of Mr. Anderson's proposed testimony.

We note that Defendant failed to object to sentencing at trial. Defendant's argument, however, may be preserved statutorily, as arguments "that '[t]he sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law[ ]' " are statutorily preserved. State v. Meadows , --- N.C. ----, ----, 821 S.E.2d 402, 406 (2018) (citing N.C. Gen. Stat. § 15A-1446(d)(18) ). To the extent that Defendant's arguments regarding his sentencing are not preserved, "[w]e elect, nevertheless, in the exercise of our supervisory power over the trial divisions, N.C. Const. Art. IV, § 12 ; N.C.G.S. § 7A-32 [;] and pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure, to review this issue on appeal." State v. Dudley , 319 N.C. 656, 659, 356 S.E.2d 361, 364 (1987).